OF

## THE STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1885.

86 451
45a 319

MORLEY v. WEAKLEY *et al.*, *Appellants.*

1. **Street Improvements**: TAX-BILLS, AMENDMENT OF. It was competent for the city engineer of the city of St. Joseph, after making out tax bills for macadamizing, curbing and guttering two streets, on discovering that the block had been subdivided into lots, to correct and certify anew the bills, and he could so do, whether he was out of office or was holding the same as his own successor.

2. ———: ———: PLEADING. Although the petition stated that each lot was charged for the work done in front of it, and that the engineer computed the cost of the work done "in front of and adjoining the lot," and not for the proportionate share of the cost of the whole work, yet, as in this connection, the cost is alleged to have been that which is chargeable to the whole lot, and that the amount assessed was the proportionate cost of the work under the act authorizing it, and which act is sufficiently referred to, the petition is sufficient.

3. **Ordinances**: MAYOR: CONTRACT. The city ordinances did not require the mayor to act separately in awarding the contract, but that he should act in conjunction with the city council, as its presiding officer.

4. **Street Improvement**: BIDS, ADVERTISEMENT FOR. It was not necessary that the advertisements for ｜ ˙ ls should state the amount of work to be done where they showed the streets between which

[ 451 ]

and on which the work was to be done and stated the differe.... classes of work.

5,  ——— : SPECIFICATIONS: ORDINANCES.  The ordinances, with re-spect to macadamizing, curbing and guttering, provide in detail, as to the material and manner of doing this class of work, and the general ordinance, requiring a plan or profile of the work with specifications to be on file where bids are advertised for any public improvement, has no application.  The latter ordinance should not be construed to require the city engineer to do that by specifications which is clearly stated in the ordinance.

6.  ——— : LOST BID : EVIDENCE.  Where a bid for macadamizing, etc., a street is lost, the loss being shown, parol evidence of its contents is admissible and the fact that no record or an imperfect account of the bid was kept, will not prevent plaintiff from showing its true contents.

*Appeal from Buchanan Circuit Court.*—HON. H. S. KELLEY, Special Judge.

AFFIRMED.

*Spencer & Hall* for plaintiffs in error.

(1)  The original assessment of the cost of the work on the whole block was void and so were the original tax bills based on the assessment.  *Kemper v. King*, 11 Mo. App. 584 ; *Neenan v. Smith*, 50 Mo. 525 ; *Weber v. Schergens*, 59 Mo. 389.  A void tax bill cannot be amended.  (2) Mistakes as to form in tax bills of the character of those in suit can be corrected only by the officer who issued the bill.  *Kiley v. Oppenheimer*, 55 Mo. 375 ; *Kiley v. Cranor*, 51 Mo. 541.  (3) The petition failed to state a cause of action ; it was framed on the theory that each lot was liable for the work done in front of it. Revised Charter and Ordinances of 1869, of St. Joseph, page 47 ; *Eyerman v. Hardy*, 8 Mo. App. 530 ; *City, etc., v. Clemens*, 49 Mo. 554 ; *Weber v. Schergens*, 59 Mo. 393 ; *Sill v. Chicago*, 29 Ill. 33.  (4) The failure of the engineer to comply with the requirements of the ordi-nance vitiates the contract and the subsequent proceed-

ings under it. *Brady v. New York*, 20 N. Y. 312; *Kiley v. Oppenheimer*, 55 Mo. 375. (5) In accepting and approving bids, the mayor and council should act jointly. The mayor must sign all ordinances or motions approving or accepting any bid. *Thompson v. Boonville*, 61 Mo. 283; *Saxton v. St. Joseph*, 60 Mo. 158; *Irvin v. Devors*, 65 Mo. 627; *Saxton v. Beach*, 50 Mo. 489; *Graham v. Carondelet*, 33 Mo. 268. (6) The contracts under which the whole work in suit was done are void, because the ordinances directed the engineer to contract for the whole work and the engineer permitted property owners to reserve a portion of the work. *Eyerman v. Hardy*, 8 Mo. App. 312. (7) The record could not be changed, modified, or contradicted by parol evidence. Besides, the only way in which the mayor could evidence his assent was by signing the motion, record, or resolution. Cases, *supra*.

*B. R. Vineyard* for respondent.

(1) To recover for street improvements under the charter of the city of St. Joseph, the contractor can look alone to the property abutting on the street improved. The charter prohibits the city from becoming liable, "in any manner whatever," for work of this character. Acts 1865, 435; *Kiley v. City of St. Joseph*, 67 Mo. 491. (2) A substantial compliance only by the municipal authorities with the charter and ordinances need be observed in order to furnish a right of recovery to the contractor. *City of St. Joseph v. Anthony*, 30 Mo. 542; *City of St. Louis v. Denave*, 44 Mo. 139. (3) The tax bills made out a *prima facie* case. *Neenan v. Smith*, 60 Mo. 294; *Ess v. Bouton et al.*, 64 Mo. 105; Acts 1865, p. 435, sec. 5; *City, etc., v. Armstrong*, 38 Mo. 33. (4) The engineer had the right to make the amended tax bills. *Kiley v. Cranor*, 51 Mo. 541; *Kiley v. Oppenheimer*, 55 Mo. 375; *Pendergrast v. Rich-*

*ards*, 2 Mo. App. 192; *Gibson v. Bailey*, 9 N. H. 168. And the amendment related back to the time of the issue of the original bills and as against the lot owners became valid as of that date. *Webster v. Blount*, 39 Mo. 500; *Kitchen v. Reinsky*, 42 Mo. 436. (5) It was not necessary that the mayor should sign the motion or resolution on which the awards were made. *Knight v. Ry.*, 70 Mo. 236. Besides, for anything that appears to the contrary, the mayor's assent was entered of record. (6) There is nothing in the city charter, and there was nothing shown by any ordinance in evidence requiring a. record to be kept of the prices of any bid for street work. The record shows the action of the council and this was all that was necessary. *Bank v. Dandridge*, 12 Wheat. 64; *Smith v. County Com.*, 42 Me. 395. (7) The Supreme Court will not remand a case for a new trial, where the only error is that the judgment below is for too much, especially where the party in favor of whom the judgment is rendered, offers to remit the excess, but will correct the judgment. *Tilford v. Ramsey*, 43 Mo. 420; *Nicholson v. Couch*, 72 Mo. 209; *Miller v. Hardin*, 64 Mo. 545; *Clark v. Bullock*, 65 Mo. 535; *Peck v. Childers*, 73 Mo. 484. (8) The court, in construing the charter of St. Joseph, has decided that including in a tax bill, by the city engineer, items not properly therein will not invalidate the bills, nor stop the interest on that part properly included. *Neenan v. Smith*, 60 Mo. 295; *First Nat. Bk. v. Amholdia*, 63 Mo. 229. (9) The action was on the tax bill, and not on the contract, and the latter was not required to be set out. *City, etc., v. Hardy*, 35 Mo. 265.

BLACK, J.—This suit was at first based upon two tax bills against the same block of ground in the city of St. Joseph, one for macadamizing, curbing and guttering Sixth street, and the other for like work on Seventh street. It was discovered that the block had been sub-

divided into lots. Thereupon the engineer made out new or amended tax bills against the lots, and upon these amended bills the counts of the amended petition are based.

1. By the charter (Acts of 1865, page 435, section 5), the tax bills are to be made out and certified by the officer having charge of the work. This was done, but, thereafter and before the new bills were certified, the term of office of the engineer expired, and he was appointed his own successor, and certified the amended bills whilst acting under the new appointment. If he had not been appointed his own successor, he could have corrected any irregularities and certified the bills anew. *Kiley v. Cranor*, 51 Mo. 541 ; *Kiley v. Oppenheimer*, 55 Mo. 374. That these tax bills, as first certified, were void, may be conceded, still, it was entirely competent for the engineer who had charge of the work, which was done while he was in office, to correct and certify anew the bills, in or out of office. It was his duty to make the correction.

2. Objection was made to the introduction of any evidence on the ground that the petition was wholly defective in this, that it showed each lot was charged for the work done in front of it ; and not for the proportionate share of the cost of the whole work. It is true, the petition states that the engineer computed the cost of the work done in "front of and adjoining the lot," etc., but in the same connection this cost is alleged to have been that which was chargeable to said lot under said act, and the further allegation is, that the amount assessed as a special tax by the engineer was the proportionate cost of the work under the act, reference to which is sufficiently made. In view of all this, the petition is well enough.

3. The contracts made by the city with the plaintiff, it is contended, are void. (1) Because the resolutions awarding the same were not signed by the mayor or

specially approved by him; (2) because the adver-
tisements for bids did not state the amount of the
work to be done, and (3) because no plan or profile of
the work was on file in the office of the engineer. One
of the general ordinances read in evidence required all
contracts to be awarded by the mayor and council to the
lowest responsible bidder. After the engineer had ad-
vertised for and received the bids, the contracts were
awarded to plaintiff by resolutions duly entered of record
in the proceedings of the council. While these resolu-
tions were not signed by the mayor, still it is found by
the jurors that he was present at these sessions of the
council, and that he and the council thus jointly acted
in the matter. The various ordinances, general and
special, under which the work was done, were all ap-
proved by the mayor. The mere matter of awarding
the contracts, under existing laws, was not the exercise
of legislative functions, so that the authorities cited by
plaintiff in error have little or no application here.
Moreover, we do not understand the ordinances to re-
quire the mayor to act separately in awarding contracts,
but rather that he shall act in conjunction as presiding
officer.

It was not necessary that the advertisements for
bids should state the amount of work to be done. They
did show in each case between what streets and on what
streets the work was to be done, stating the different
classes of work, and that was sufficient. The ordinance
which required a plan or profile of the work, accom-
panied with specifications, to be on file when bids were
advertised for, is general and relates to "any public
improvement." The ordinance with respect to maca-
damizing, curbing and guttering, provides in detail of
what material these classes of work shall be made, how
the stone shall be placed and how prepared. In short,
they are themselves specifications, and there was no need
of anything further to give either bidders or the public

full information. The ordinance requiring plans and specifications can have full application in matters of grading and the like, where they are essential to give bidders a full understanding of the work to be done and the manner of doing it, but it should not be construed to require the engineer to do that, by way of specifications, which was clearly stated in the ordinance.

4. The bids were made by specific prices per square for macadamizing and for guttering, and per lineal foot for curbing. In one instance the bid was lost. The loss being shown, parol evidence was properly admitted of the contents. The fact that the city council and engineer failed to keep a record, or kept an imperfect account of the bid, did not prevent plaintiff from showing its true contents.

5. The tax bill on lot twelve, contains an item of $47.80, and that on lot seven an item of $15.12 for work at the intersection of streets, the validity of which charges is challenged on various grounds, but they need not be considered, as the plaintiff offers to remit the amount of these items with the interest thereon. Plaintiff will be permitted to remit $48.60 from the judgment on the first count, and $15.25 from the fourth. This done, the judgment is affirmed. As the appellant comes here to get this correction, the costs on this appeal will be taxed against respondent. The other judges concur.