JOHN DOUGHERTY, Respondent, v. CITY OF EX-
CELSIOR SPRINGS, Appellant.

### Kansas City Court of Appeals, December 19, 1904.

1. **MUNICIPAL CORPORATIONS: Statutory Construction: Em-
ployment of Counsel.** Under section 5907, Revised Statutes,
1899, the mayor and board of aldermen may, when necessary,
employ additional counsel and pay a reasonable compensation
for his services, and the mayor by himself may not make such
employment.

2. ———: **Employment of Counsel: Ratification.** An acceptance
or adoption of an act performed by another as agent in partic-
ular confirmation of what has been done without original author-
ity constitutes ratification, and a municipal corporation may
ratify the unauthorized acts of its officers which are within the
scope of the corporate powers.

3. ———: **Fourth Class Cities: Board of Aldermen: Ratification.**
At a meeting of the board of aldermen of a city of the fourth
class with three members present, two voted affirmatively; one
negatively on the allowance of the account of an attorney em-
ployed by the mayor alone. *Held*, per **Smith, P. J.,** the allow-
ance was invalid and did not constitute a ratification of the act
of the mayor, since a majority of the council did not vote in
the affirmative; per **Ellison, J., Broaddus, J.,** concurring, the
three present constitutes a quorum and the two voting affirma-
tively constituted a majority of the quorum and the allowance
was valid and ratified the act of the mayor.

Appeal from Clay Circuit Court.—*Hon. J. W. Alex-
ander,* Judge.

AFFIRMED.

*Harris L. Moore* for appellant.

(1) In the present state of the decisions in this
State there can be no question that unless the issuance
of the warrant to plaintiff is a ratification of his claim
by the city he has no grounds whatever for recovery.

Crutchfield v. Warrensburg, 30 Mo. App. 456. (2) The warrant introduced into evidence in this case did not constitute a ratification of plaintiff's claim by the city, because the city was not only without power to give life to a void claim against itself but section 6759, Revised Statutes 1899, in express terms prohibits such action on the part of the city. Cheeney v. Brookfield, 60 Mo. 53. (3) In order to have given the plaintiff a valid claim against the city a contract on an ordinance was necessary, the warrant was issued on a motion voted for by exactly one-half of the members elected to the board of aldermen.

*Simrall & Trimble* for respondent.

(1) The mayor and board of aldermen of the city were authorized by law to employ counsel and pay reasonable compensation for legal services demanded by the city. R. S. 1899, sec. 5907. (2) The cases cited by appellant are not parallel cases and hence not in point. In the case of Crutchfield v. Warrensburg, 30 Mo. App. 456, there was no employment of the attorney by the city, there being merely an implied contract. In that case also the court held that there was nothing done by the city to indicate a ratification. In the case of Cheeney v. Brookfield, 60 Mo. 53, the court held that the end sought to be accomplished was not within the scope of its powers. (3) The board of aldermen having found that the city was indebted to respondent, it was its duty under the law to issue a warrant for such indebtedness. R. S. 1899, sec. 6147. (4) To affirm this case it is not necessary to recognize the doctrine of implied contracts upon the part of municipal corporations. In this case there was a contract. The agreed statement of facts says so. The board of aldermen recognized the contract as binding and in the absence of any affirmative evidence that it was not binding, their finding must prevail. (5) Respondent should have af-

firmatively pleaded in its answer that the contract was not in writing if it desired to make that defense. The agreed statement admits the contract. Nor was any objection made to the evidence. Hinkle v. Karr, 148 Mo. 43; Lammers v. McGeehan, 43 Mo. App. 664. (6) The employment of respondent to represent the city in a damage suit against it was expressly authorized by section 5907, Revised Statutes 1899. Section 6759, Revised Statutes 1899, does not apply to such employment.

SMITH, P. J.—The plaintiff, an attorney at law, sued the defendant, a statutory city of the fourth class, to recover the sum of one hundred and fifty dollars for alleged legal services rendered the latter by the former. The trial court gave judgment in favor of plaintiff on the following statement of "facts agreed."

I.    The mayor of defendant city employed plaintiff to represent it—the city— as legal counsel in a certain damage suit.

II.    That after the plaintiff had performed the services required of him by said employment, he presented to defendant an account therefor for $150, and at a regular meeting of its board of aldermen the said account was by said board allowed and a warrant was ordered to be drawn on the city treasury therefor.

III.    The warrant was subsequently drawn in due and regular form, signed by the mayor and attested by the clerk, and presented to the treasurer, but not paid for lack of funds.

IV.    The record of the proceedings of the board of aldermen showed that "the account of Dougherty & Fowler, attorneys for the city in the Leabo case for $300 was presented and on motion was allowed by the following vote. Combs, yes; King, yes; Bangs, no." It was agreed that the above entry was the only rec-

ord either of any warrant, for the issue of any warrant *or for allowing the bill* and *the only one that referred to it.*

V. That the damage suit was for $5,000 and amount recovered $150. That the fee charged by plaintiff was reasonable.

The statutes, section 5907, Revised Statutes, provides that in case a city attorney has been appointed *the mayor and board of aldermen* may, if they deem it necessary, employ additional counsel and pay them a reasonable compensation for any legal services demanded by the city. We may perhaps presume that at the time of the plaintiff's alleged employment by the mayor that a city attorney had been duly appointed and was performing the duties of that office. It has been seen from the facts agreed that the plaintiff's employment as additional counsel for defendant was made by the *mayor only* and *not by the mayor and board of aldermen,* as required by the statute just referred to.

The law is well settled that when special powers are conferred, or where a special method is prescribed for the exercise and execution of a power, this brings the exercise of such power within the provision of the maxim *expressio unius,* etc., and by necessary implication forbids and renders nugatory the doing of the thing specified *except in the particular way pointed out.* [Kolkmeyer v. Jefferson City, 75 Mo. App. l. c. 683; McKissick v. Mt. Pleasant Twp., 48 Mo. App. 416; Heidelberg v. St. Francois Co., 100 Mo. 74.] The mayor can make no valid appointment or employment of any of the officers or persons referred to in section 5907, supra, *without the consent and approval of a majority of the members elected to the board of aldermen.* It is, therefore, obvious that the employment of the plaintiff by the mayor was invalid for the want of the concurrence of the majority of the board of aldermen. The consent and approval by the latter was es-

sential to give it validity.   [Eichenlaub v. St. Joseph, 113 Mo. 395.]

But it may be contended that even though the employment by the mayor without the consent and approval of the board of aldermen was invalid, yet since the latter was in the first instance authorized to give its consent and approval thereto, it could ratify the action of the mayor and thus validate the plaintiff's employment.   A ratification may be defined to be ''an acceptance or adoption of an act performed by another as agent or representative in particular confirmation of what has been done without original authority.'' A municipal corporation may ratify the unauthorized acts and contracts of its officers which are within the scope of the corporate powers.   The principle as to ratification is the same with corporations as with individuals. [Dillon on Corp., sec. 463.]

The insuperable difficulty to be met in the endeavor to uphold the theory of ratification is that while the statement of facts agreed shows that the board of aldermen allowed the plaintiff's account for the services performed by him under his contract of employment by the mayor, and that a warrant for the amount thereof was ordered to be drawn on the defendant's treasury and was signed by the mayor and attested by the secretary, the undisputed record kept by the board of aldermen of its proceedings shows that of the four members of the board of aldermen only three were present at the meeting when the plaintiff's account was passed upon by that body and that only two voted for the allowance.   If all three of the four who were present had voted for it there would, I think, be some sufficient ground for claiming a subsequent ratification of the employment.   The board is, under the statute, required to consist of four members, three of whom were required to constitute a majority; and, therefore, in order to make valid an appointment or employment by the mayor under said section 5907 the consent and ap-

proval of three members of the board was required. And the sole act of the mayor in entering into a contract of employment with plaintiff could not in principle be ratified by a less number than a majority of the board; which, as has been seen, the plaintiff's employment did not have in this case.

It is true that in a paragraph of the statement of facts agreed it is recited that at a regular meeting of the board the plaintiff's account was presented and was "considered to be just and proper and a warrant ordered to be drawn on the city treasurer for the amount of said account;" but this is contradicted and rendered nugatory by the recital in a subsequent paragraph to the effect that the only record of said board in relation to the allowance of said account or the issues of a warrant therefor shows, as already stated, that there was present when the said board met and allowed said account and ordered a warrant to issue therefor, *only three members* and that *only two of these voted* in favor of said allowance and the issue of the warrant therefor. Since, in the statement of agreed facts, such a repugnancy exists, I think the facts as disclosed by the record of the board ought to control us in determining whether or not that body allowed plaintiff's account and ordered a warrant to be drawn therefor; and if so, then there was no such allowance and no ground upon which to base the claim of ratification.

If the plaintiff's employment by the mayor alone can be upheld, then that officer may fill each of the offices mentioned in said section 5907; or he may enter into any contract within the corporate authority of the city without the concurrence and in spite of the board of aldermen. The exercise of such powers by the mayor alone we think inefficacious to bind the defendant, because impliedly forbidden by the statute.

While the plaintiff seems to have rendered very meritorious services in behalf of the defendant, I have been unable to discover anything in the agreed facts to

warrant the conclusion that the plaintiff is entitled to recover of defendant for the value thereof; I cannot concur with the majority in the opinion expressed by them.

ELLISON, J.—I believe the judgment of the trial court should be affirmed. The statute applicable (section 5907, Revised Statutes 1899) reads: "In case a city attorney has been appointed, the mayor and board of aldermen may, if they deem it necessary, employ additional counsel and pay them reasonable compensation for any legal services demanded by the city." As stated by Judge SMITH, the board of aldermen consisted of four members and three of these were present at the meeting which allowed plaintiff's account, two of them voting "yes" and one voting "no." The three being a majority of the whole body constituted a quorum, and the two voting "yes," being a majority of that quorum, made a valid action of the board of aldermen. [1 Dillon on Munic. Corp., secs. 278-282.] It is not necessary that a majority of the whole body favor a measure, unless the law governing such body so declares. On the contrary, it is only necessary that a majority of those present (if they constitute a quorum) should favor the measure.

Affirmed. *Broaddus, J.,* concurs.