CITY OF ROLLA, MISSOURI, to the use of J. C. LIKES, Appellant, v. CHARLES SCHUMAN, and DAVID E. COWAN, Respondents.

Springfield Court of Appeals, April 14, 1915.

1. **TAX BILLS: Street Improvements: Preliminary Resolution: Publication: Sufficiency.** Action on special tax bill for street paving. The publication of the preliminary resolution is not rendered insufficient merely because it is placed in an inconspicuous place in a newspaper in fine type and among patent medicine advertisements.

2. ————: ————: **Tax Bills Payable in Installments: Validity.** A special tax bill issued for street paving is not void because

City of Rolla v. Schuman.

payable in three annual installments although no request to that effect was made by the property owner. There is nothing to prevent the tax payer from paying same in full at any time after it is issued and the terms of payment are more liberal than he is entitled to under statutory provisions.

3. ————: Street Paving: Street Intersections: Costs. The cost of paving street intersections in cities of the fourth class is prorated against the lots or pieces of ground is such block or square abutting on the street improved. (Sec. 9405, R. S. 1909.)

4. ————: ————: Defenses: Burden of Proof. Action on special tax bill for street paving. The tax bill makes a prima-facie case for plaintiff and the burden is on the defendant to establish a contention that the costs of intersections were not prorated against the several blocks to which they belonged.

5. MUNICIPAL CORPORATIONS: Board of Aldermen: Lack of Quorum: Acts of Minority in Adjourning. Where a minority of the members of the board of aldermen of a city of the fourth class, convening at the time and place fixed for a regular meeting, adjourned to a subsequent date, such action was effective to give validity to proceedings carried out at such adjourned meeting at which a majority of the aldermen were present.

6. TAX BILLS: Street Paving: Apportionment of Costs: Engineer's Report. A special tax bill issued for street paving is not rendered invalid because the city engineer did not, as provided in a prior ordinance, submit his report of apportionment to the board of aldermen before a paving assessment ordinance was passed, where the apportionment was properly made.

Appeal from Phelps County Circuit Court.—*Hon. L. B. Woodside,* Judge

REVERSED AND REMANDED (*with directions*).

*J. J. Crites* and *Barbour & McDavid* for appellant.

(1) The acts of the board of aldermen and of the various officers of the city are presumed to have been lawfully and properly performed and the burden of showing the contrary is upon him who questions that fact. Paving Co. v. Ullman, 137 Mo. 568; Excelsior Springs v. Ettenson, 120 Mo. App. 222; Paving Co. v. Bath Co., 136 Mo. App. 558; Gist v. Construction Co.,

224 Mo. 379; Savings Bank v. Ridge, 183 Mo. 518. (2) The defendants, in the first special defense in their answer, say that the resolution was not published for two consecutive weeks, as required by law. We are at a loss to know what they mean by this. Their own witness, Col. Woods, produced the files of his paper and showed conclusively that the resolution was properly published and for the required time. In any event, this whole question as to the proper publication of that resolution has been determined against defendants' contention in Webb v. Strobach, 143 Mo. App. 459; Land Improvement Co. v. St. Louis, 257 Mo. 302. (3) If there was anything wrong with the apportionment it was incumbent on the defendants to show it and to show that they had been hurt by it and the court could then have corrected the apportionment and made a correct one if the one made was erroneous. Neenan v. Smith, 60 Mo. 294; Walsh v. Bank, 139 Mo. App. 641; Craemer v. McCune, 7 Mo. App. 96; Bank v. Arnoldia, 63 Mo. 229; Weber v. Schergens, 28 Mo. App. 587; Johnson v. Duer, 115 Mo. 378; St. Joseph v. Wilshire, 61 Mo. App. 321; Neil v. Gates, 220 Mo. 233. (4) Any number of the board had power to adjourn though they may not have constituted a quorum for transacting business. McQuillin on Municipal Corporations, sec. 594; Kimball v. Marshall, 44 N. H. 465; O'Neil v. Tyler, 53 N. W. 434; Forey v. Ridge, 56 Mo. App. 615; McQuiddy v. Vineland, 60 Mo. App. 619; Bank v. Ridge, 79 Mo. App. 33; Bank v. Ridge, 183 Mo. 515.

*Frank H. Farris, Holmes & Holmes* and *Watson & Livingston* for respondents.

(1) The original resolution under which the improvements in question were made, not having been published for the required time in the way and manner as provided by section 9411 of the Revised Statutes 1909, all subsequent proceedings thereunder

were, and are, void. Secs. 8057, 9411, R. S. 1909; Bank v. Williams, 46 Mo. 17; Minor v. Tilly, 54 Mo. App. 627; State ex rel. v. Strickly, 78 Mo. App. 533; Jordan v. Railroad, 92 Mo. App. 84; 28 Am. & Eng. of Law, 224. (2) The issuance of the tax bill in question payable in three annual installments, without the written request of the defendants to the city clerk, so to do, was in violation of the provisions of section 9409, R. S. 1909, and for this reason the same is void. Sec. 9409, R. S. 1909. (3) By assessing and apportioning the total amount of the cost of said improvements against the property between the center of Sixth street and the center of Tenth street, irrespective of the areas and squares formed by the intersection of Pine street with Sixth, Seventh, Eighth, Ninth and Tenth streets, the Board of Aldermen disregard the plain provisions of section 9405 of R. S. 1909, and for this reason said tax bill is utterly void. Sec. 9405, R. S. 1909; State ex rel. v. Chillicothe, 237 Mo. 495; State ex rel. Paving Co. v. St. Louis, 183 Mo. 236; Collier Estate v. Paving Co., 180 Mo. 376; Thornton v. City of Clinton, 148 Mo. 648. (4) The ordinance, which is ordinance No. 139, levying the assessments and ordering the issuance of the tax bills for the improvement in question, was never passed at any legal meeting of the board of aldermen. The mayor and two members of the board of aldermen (which was less than a quorum) had no authority to adjourn from October 3 to October 10. Dillon on Municipal Corporations, sec. 292; State ex rel. v. Smith, 22 Minn. 218; Price v. Railroad, 13 Ind. 58; State ex rel. Laughlin v. Porter, 113 Ind. 79; Pennsylvania Co. v. Cole, 132 Fed. 678. (5) If the city had authority to issue the tax bills payable in installments due in one, two and three years, it should have issued three separate and distinct tax bills, and each should have been signed by the mayor, and attested by the city clerk. This is the plain and unambiguous mandate of section 9409, R. S. 1909. Paving Co. v. Hayward, 154

S. W. 140; O'Dwyer v. Monett, 123 Mo. App. 184; Telephone Co. v. City of Piedmont, 152 Mo. App. 361.

ROBERTSON, P. J.—This is an action on a special tax bill issued for paving on the east side of Pine street between the center of Sixth street and the center of Tenth street in the city of Rolla, a city of the fourth class. As the numbers indicate there were three other intersecting streets between the two mentioned. A trial without a jury resulted in a judgment for the defendants and the plaintiff has appealed.

The points made here are that the tax bill is void for the reason that no preliminary resolution was published declaring the work necessary; that the apportionment for the work was not properly made; that there was no ordinance passed levying and assessing the amount designated in the tax bill; that the tax bill was issued payable in three annual installments without any written request on the part of the defendant and that the data for the assessment was not furnished by the engineer.

The defendant, Schuman, the owner of the property described in the tax bill and hereafter referred to as defendant, alleges four separate defenses to plaintiff's petition, concluding with the complaint that the tax bill was issued in installments. When the tax bill was offered in evidence the only objection interposed by defendant thereto was that it attempted to unite and combine in one tax bill three separate and distinct ones, the objection being aimed at the installment feature of it.

The basis for the objection that no resolution was published is that the resolution was placed in the newspaper in such fine type, with patent medicine advertisements and in such a place in the paper as to amount to no notice.

The assertion that no ordinance levying the assessment covered by the tax bill is sought to be justi-

fied by the fact that it was undertaken to be adopted at an adjourned meeting. On the day on which the regular meetings of the board of aldermen are required by ordinance to convene only the mayor and two aldermen were present. For lack of a quorum no business was transacted but the meeting adjourned to a subsequent day. A majority of the aldermen were present at the adjourned meeting and the ordinance was read the first and second times. This meeting adjourned to a subsequent date at which time a majority were present and the ordinance was read the third time and passed in due form. This all took place in October, 1910. The tax bill was issued October 12, 1910 and the defendant has made one payment thereon. In the trial of the case the plaintiff offered the tax bill and rested. The defendant then proceeded with his defenses as before stated.

The defense that the resolution was not published according to law can be of no avail. This court, in the case of Webb v. Strobach, 143 Mo. App. 459, 127 S. W. 680, in which the defendant here was one of the plaintiffs, held the publication of the resolution to be sufficient. That opinion, right or wrong, is binding on us, and, therefore, this contention is ruled against the defendant. [Kansas City v. St. Louis & Kansas City Land Co., 260 Mo. 395, 169 S. W. 62.]

The next contention in the brief is that the tax bill is void for the reason that it is payable in three annual installments. There is nothing in the tax bill, or in the law authorizing it to be issued payable in installments upon a written request of the property owner, that prevents its being paid in full any time after it is so issued. The amount due for the improvement is assessed as a lien upon the defendant's property and designated to be due in three annual installments, "as evidenced by two coupons and certificates of payment" thereto attached. The terms of payment were more lib-

189MA17

eral in behalf of defendant than he claims to be entitled to and we cannot entertain his complaint with reference thereto.

The defendant contends that the apportionment of the costs of this improvement was not properly made. He cites the case of State ex rel. Meek v. City of Chillicothe, 237 Mo. 486, 495, 141 S. W. 602, where, in discussing a city charter which required the cost of improving the intersections of streets to be taxed against the lots abutting on the improved street and those abutting on the intersecting street, it was casually remarked that this "has long been the rule as to cities of the fourth class." This statement was not necessary to a decision of that case, as we understand it, and it is clear that it was not considered as such from what is said in the opinion preceding this statement. It is also clear that if section 9405, Revised Statutes 1909 had been undergoing adjudication by the author of that opinion the above-quoted statement would not have been made. That section of the statute expressly provides that the cost at intersections shall be "prorated against the lot or pieces of ground in such block or square abutting on the street improved." By upholding the assessment in the case at bar we consider that we are in no manner in conflict with that opinion.

There is some contention in defendant's brief to the effect that the cost of the intersections were not prorated against the separate blocks to which they belonged, but the tax bill made a prima-facie case for plaintiff, hence the burden of proving this defense rested upon the defendant and he has failed to offer any testimony that tends to prove it. The figures upon all of the assessments indicate that the assessment was properly made and we hold that in the absence of a showing to the contrary that there is no defect in the levy.

The next insistence is that there was no legal meeting of the board of aldermen at the time it is claimed

that the ordinance authorizing the issuance of the tax bill was undertaken to be adopted. This presents the question as to whether or not less than a majority of the board of aldermen convening at the time and place fixed for its regular meeting may adjourn to a subsequent date. The defendant has cited Pennsylvania v. Coal, 132 Fed., wherein it is held, at page 668, that the act of adjournment is that of a board itself and if a majority is not then present it cannot even adjourn to a subsequent day. The decision cites other cases, most of them being upon the question that less than a quorum cannot transact business. The plaintiff seeks to maintain the validity of the adjourned meeting upon the rule that unless otherwise provided any number of a deliberative body may adjourn although they do not constitute a quorum for the transaction of business and cites Kimball v. Marshall, N. H. 465; O'Neil v. Tyler, 53 N. W. 434 and 29 Cyc. 1690 (b). The diligent efforts of the attorneys on each side and our investigation have failed to find any decisions of the appellate courts of this State upon the question. The question being an open one in this State it is our duty to follow the rule which appeals to us to be the most equitable and practical. The plaintiff offered testimony to the effect that it had been the practice of the board of aldermen of plaintiff's city for the last ten years to adjourn to some future date when less than a quorum was present at the time and place fixed for the regular meeting. An examination of the charter of cities of the fourth class will disclose that there is no provision for the number that shall constitute a quorum to transact business. We will concede that for the transaction of the general business of the city a majority of the members elected are essential, but we are not willing to concede that for the purposes of perpetuating the life of a body to a date subsequent to the regular time of meeting so that the business of the city may be then transacted that less than a majority may not

adjourn to a subsequent date. We think the reason of the authorities cited by the plaintiff is better and more calculated to promote the welfare of a city's government and expedite business than is the theory that it requires a majority to even adjourn to a subsequent date. In this case, as in one of the cases cited by plaintiff, the practice of a minority adjourning had prevailed for a number of years. This is corroborated by the fact that at the subsequent meeting a quorum was present and no one objected to the adjourned meetings transacting business. Neither did the defendant object to the tax bill on this point, so far as the record discloses, until after this suit was brought and after he had made a payment upon the tax bill and he did not object on this ground when the tax bill was offered in evidence.

It is held in Farry v. Ridge, 56 Mo. App. 615, 623, which is approved in The Dollar Savings Bank v. Ridge, 183 Mo. 506, 517, 82 S. W. 56, that silent acquiescence in a method of procedure of the kind here involved by officers and the public may as to them give validity thereto.

The defendant contends that the tax bill is void for the reason that the city engineer did not submit a report of apportionment to the board of aldermen before the assessment ordinance was passed as required by another ordinance of the city. A sufficient answer to that contention, we think, even without considering the statute as to the manner and method of assessment, is that it is immaterial whether the engineer reported or not since the apportionment is properly made. The objection is not urged in the answer filed by the defendant.

There being in our opinion no valid defense to this tax bill the judgment of the trial court is reversed and the cause remanded with directions to enter judgment for plaintiff for the full amount due on the tax bill, de-

claring it a lien on the property therein described in due form.

. *Sturgis* and *Farrington, JJ.,* concur.