# OCTOBER, 1926.

CITY OF GRANT CITY TO USE OF JOSEPH O'NEIL, RESPONDENT, v. ELS-
WORTH W. SALMON ET AL., APPELLANTS.*

Kansas City Court of Appeals.   November 8, 1926.

*Corpus Juris Cyc References:  Appeal and Error, 3CJ, p. 689, n. 41;
Juries, 35CJ, p. 170, n. 61; Municipal Corporations, 44CJ, p. 259, n. 38:
p. 263, n. 3; p. 338, n. 92; p. 649, n. 17; p. 682, n. 95.

*Dubois & Miller, J. W. McKnight* and *Clarence S. Palmer* for respondent.

*O. B. Hudson* and *Fyke, Hume & Hall* for appellants.

ARNOLD, J.—This is an action to enforce the lien of a special tax bill issued by Grant City, Worth county, Missouri, a city of the fourth class, on July 7, 1921, to Joseph O'Neil, for the construction of a district sewer, under the provisions of ordinance No. 297, of said city.

The petition alleges the tax bill in question was issued against land owned by defendant Elsworth W. Salmon, under the name of Solmon Worth, in the sum of $87.43. Sewer district No. 1 was established by ordinance No. 296 and the property embraced in said district included about two-thirds of the city's entire area. The suit was instituted in the circuit court of Worth county and on change of venue was taken to Gentry county, where it was tried to the court, resulting in a judgment for plaintiff. Motions for a new trial and in arrest were overruled and defendant has appealed.

The petition states that Elsworth W. Salmon and Saretta Salmon are husband and wife and own the property involved; that Grant City is a municipal corporation, organized and existing as a city of the fourth class, under and by virtue of the laws of the State of Missouri; that on July 7, 1921, the said city duly made out and issued to plaintiff Joseph O'Neil, contractor, a certain tax bill numbered 279, in part payment of the costs of constructing a district sewer in district No. 1 in said city; that said work was done in accordance with the provisions of ordinance 297 of said city, entitled "An ordinance providing for the construction of a district sewer and sewage disposal works in sewer district No. 1 in the City of Grant City, Worth county, Missouri; and providing for the method of paying for the same," approved July 9, 1920; that after the work provided for had been done in accordance with the contract, the cost thereof was computed and apportioned against the lots or pieces of ground, exclusive of improvements in said sewer district, in proportion to the area of the whole district, exclusive of public highways; and said computation and apportionment was reported to the board of aldermen of said city, and the respective amounts of said apportionment were levied and assessed as a special tax against each lot or piece of ground in said district, in the name of the respective owner thereof, under ordinance No. 298, entitled "An ordinance accepting the work of constructing district sewers in sewer district No. 1, and levying a special assessment to pay the cost thereof, and providing for the issue of special tax bills therefor. This ordinance was approved July 6,

1921, and said special tax bill issued against land owned by the above-named defendants in the sum of $87.43.

The petition sets out the said special tax bill, which we need not do here. The certificate is numbered 279 and is signed by the mayor of said city and attested by the clerk under seal. The said real estate is described by metes and bounds in the petition, and the petition recites that said tax bill with interest is due and unpaid and that plaintiff is the legal owner thereof. Judgment is sought in the sum of $87.43 with interest at the rate of eight per cent from August 6, 1921 to January 7, 1922, and at the rate of fifteen per cent from January 7, 1922.

The answer admits that Elsworth W. Salmon and Saretta Salmon are husband and wife, and under subdivisions 2 to 10 inclusive, specific denials are made of the allegations in the petition, but which may be considered jointly as a general denial. Further answering, defendants aver that if any sewer was constructed in said district, the same was a public sewer in law and in fact and not a district sewer, and for the construction of said sewer no special tax bill can be issued against defendants' property in payment therefor; that said tax bill is null and void for the reason that Elsworth W. Salmon, the owner of the property at the time the same was issued, was not named in said tax bill as owner, as required by law; admits that Elsworth W. Salmon at all times mentioned in the petition was the owner of the land mentioned therein, but that the defendant Saretta Salmon was not the owner thereof and had no interest therein, and is therefore an unnecessary party to this suit.

The reply is a general denial.

The tax bill was introduced in evidence and the trial court ruled that Solmon Worth might be read Worth Salmon, but that, although it was alleged in the amended petition and proved that Elsworth W. Salmon was commonly known as "Worth" Salmon, the name was not given with sufficient definiteness to make the special tax bill prima-facie evidence. Under this ruling, plaintiff put in evidence ordinance No. 296, establishing the sewer district, ordinance No. 297, providing for the construction of the sewer and sewage disposal works and directing the advertising for bids; the said last-named ordinance referring to the plans and specifications on file showing the location and details of the work to be done, and which were made a part of the evidence by their introduction; as was also the notice to contractors for the construction of sewers in district No. 1. There were also introduced in evidence an estimate of cost signed by R. P. Pringle the city engineer and the record of the board of aldermen showing the award of the contract to Joseph O'Neil, relator herein.

The testimony shows that the board of aldermen consisted of four members and on the vote on the motion to award the contract, two

members voted for and two against and that the mayor voted for the motion. The contract for the work also was introduced in evidence. Plaintiff also offered in evidence ordinance No. 298, accepting the work and levying the assessment to pay the cost thereof; and as a part of said ordinance was the report signed by the city engineer of the computation of cost and the apportionment against the tract of land in said sewer district.

It was developed by cross-examination of plaintiff's witness, Albert P. Learned, that the estimate of costs was not actually prepared by Pringle, the city engineer, but was made by witness Learned in the office of Black & Veatch, engineers of Kansas City, Mo., who had been employed by the board of aldermen of Grant City to prepare plans and specifications for the work, and that this estimate was signed by said Pringle. After the evidence above referred to was introduced, plaintiff offered and the court admitted in evidence a copy of the tax bill. As we analyze defendants' answer, it includes as a chief defense the fact that the contract was awarded by the deciding vote of the mayor, there being an equal division of the four votes of the aldermen. It is also urged as a defense that the sewer was a public and not a district sewer. It was alleged in the answer that the plans and specifications, although a part of ordinance No. 297, were not sufficiently definite to indicate the work to be done and that the sewer and disposal works should have been constructed under separate contracts. It was also alleged that the final estimate of costs, although signed by the city engineer, was actually made up by another engineer who had been employed by the city.

Defendants raise the point that the court erred in depriving them of the right of a trial by jury. It appears from the record that a jury had been empanelled but upon objections of plaintiff, the jury was dismissed and the cause heard by the court. This ruling of the court is assigned as error. In answer to this point, we need only suggest that the case is one in equity, being a suit to enforce a lien. [Bates v. Comstock Realty Co., 306 Mo. 312, 321; City of Rolla ex rel. v. Schuman, 189 Mo. App. 252.] Under the provisions of section 1398, Revised Statutes 1919, defendants were not entitled to trial by jury and the ruling of the court was proper in respect thereto.

It is urged that the court erred in overruling defendants' objections to the introduction of ordinance No. 297. In support of this objection, it is argued that Black & Veatch were not officers of Grant City and were not authorized by law to do the important work of determining the location of the work, character of the materials, the dimensions thereof and other particulars; that there is nothing in the ordinance defining any of these matters.

We think this objection is without merit. The evidence shows that while the city engineer, in fact, did not make the estimates, he

signed them, and thereby made them officially his own. [Boonville ex rel. v. Stephens, 238 Mo. 339; City of Mexico v. Lakenan, 129 Mo. App. 180; City ex rel. v. Schuman, supra.]

Defendants insist the court erred in overruling their objection to the introduction of plaintiff's exhibit 4, which is the estimate of quantities prepared by Black & Veatch and signed by Pringle, the city engineer. This point has already been determined against defendant's contention in what we have said. It is also urged that the court erred in overruling defendants' objection to the introduction of page 45 of the minute book of the city council, being that part of the minute book detailing the letting of the contract and the vote of the council thereon; and this involves the question as to whether the mayor rightfully could vote on the question. It is defendants' position that to pass an ordinance a vote of a majority of the members of the board of aldermen is necessary; that the minutes introduced in evidence show that the resolution, or ordinance, awarding the work to relator and confirming the contract, did not receive a majority vote of the members; that the mayor is not an alderman and had no right to cast a deciding vote, under the provisions of section 8467, Revised Statutes 1919.

. Section 8404, Revised Statutes 1919, controls in this respect. We decided this identical question in Mound City ex rel. v. Shields, 278 S. W. 798, 801. [See, also, cases therein cited.] In the case at bar the vote was on a resolution awarding the contract. Section 8467, Revised Statutes 1919, provides that an ordinance must be passed by a majority vote of the members elected to the board of aldermen. The resolution upon which the mayor's vote released the tie vote was a business proposition and went only to determine the question as to who was the best bidder. No ordinance is required by law to award a contract. [McCoy v. Randall, 222 Mo. 24; Moreley v. Weakley, 86 Mo. 451, 456.] In the McCoy case at p. 42, the court said:

"The acceptance of the bid by the city of the awarding of the contract to the successful bidder is not the exercise of legislative functions; and there can be no earthly reason for holding such should have been done by ordinance." [Dreyfus v. Lonergan, 73 Mo. App. 336, 343; Dougherty v. City, 110 Mo. App. 623, 629.] Defendants' citations do not change this well-established rule, and we must hold against them on this point.

Defendants' point 5 relative to the admission of the estimates made up in the office of Black & Veatch already has been determined in what we have said. We must hold it is immaterial who personally prepared the estimates so long as they were adopted by the city engineer and signed and presented by him. This ruling also applies to defendants' points 6 and 7, which also refer to the fact that the estimates were not personally prepared by the city engineer.

It is also urged that the tax bill, not having been issued against the owner of the land against which the lien is sought to be impressed, is not a valid lien. In this connection it need only be recalled that the trial court held, and justly so, that the testimony showed who, in fact, was the owner of the property and that it was the person named in the tax bill. It is not disputed that the property was properly described in the tax bill, and this being a suit to enforce a lien against the property, defendants' position in this respect cannot be maintained.

Another point urged by defendants is that the plans and specifications were insufficient. The plat introduced in evidence showed by lines and marks which, when explained by witness Learned, would seem to be sufficient showing of the sufficiency of the plat. The evidence shows there were three bidders, all of whom accepted the plat as making a sufficiently definite showing upon which to predicate the bids. In this respect, the learned writer of the opinion in Gist v. Construction Co., 224 Mo. 369, fully analyzes the situation here presented, and we need go no further than to cite that case.

It is urged that the final issues of the tax bill was too great in amount because it included the charge for establishing a reduction plant and other items of expense. The record shows that this objection was not called to the attention of the court either in the pleadings or at the trial, and defendants, therefore, are not in a position to urge them here. Moreover, if the point had been saved at the trial, the ruling in Walsh v. Bank, 139 Mo. App. 641, would seem to decide the matter against the contention of defendants. The court there held that the inclusion of improper items in a final estimate would not invalidate the tax bill but would simply authorize a *pro tanta* reduction. No such reduction was claimed herein. [Porter v. Boyd Const. Co., 214 Mo. 1, 22.] We fail to find reversible error of record. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.