**J.H. BERRA CONSTRUCTION CO., INC., Plaintiff–Respondent,**

v.

**CITY OF BALLWIN, Defendant–Appellant.**

No. 56466.

Missouri Court of Appeals, Eastern District, Division Four.

March 27, 1990.

---

**6.** We find it significant that Washington does not make this claim.

Bert M. Eide, Clayton, for defendant-appellant.

David L. Welsh, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

City of Ballwin ("Ballwin") appeals the judgment of the trial court awarding approximately $15,000 and pre-judgment interest pursuant to a jury verdict in favor of respondent J.H. Berra Construction Co., Inc. ("J.H. Berra"). J.H. Berra had brought its action against Ballwin to recover payment of its security posted with its bid for a construction contract to remodel Ballwin's police facility. We affirm the judgment of the trial court.

Ballwin desires only to have us review legal questions concerning certain instructions. Under Rule 81.16, appellant designated the record on appeal to include the legal file, transcript of the instruction conference, and statement of facts, along with certain trial exhibits. No transcript of the instruction conference, however, has been filed. In lieu of a transcript of the evidence at trial, the parties have filed a joint statement of material facts.

Ballwin, a city of the fourth class in St. Louis County, had requested a number of contractors, including respondent, to sub-

mit proposals for construction of an addition and remodeling its police facility. The proposals were prepared in accordance with specifications and conditions in a booklet entitled "Contract Documents". On March 7, 1986, J.H. Berra submitted its proposal to Ballwin, accompanied by its bid security bond of $15,032, an amount equal to five percent of its bid amount. On March 24, 1986, at a public meeting, the Ballwin Board of Aldermen considered respondent's proposal and awarded the contract of $301,651 to respondent. The next day, Ballwin directed its architect to prepare the contract documents for delivery to respondent. On April 15, 1986, the architect mailed the contract documents to J.H. Berra and they were received on April 16.

Ballwin had not advised respondent of the action taken on March 24 by the Board of Aldermen on respondent's proposal before the contract documents were delivered. Until it received the contract documents on April 16, respondent was not aware of the action taken by Ballwin's Board of Aldermen on March 24, 1986. Upon receiving the contract documents, respondent wrote a letter on April 16, 1986, withdrawing its proposal of March 7, and requesting the return of its bid bond. On May 9, 1986, appellant awarded the contract to the next lowest bidder. That contract was in the amount of $330,975, an increase of $29,324 over J.H. Berra's bid.

■ A trial exhibit reflects that appellant notified J.H. Berra of its intention to retain the bid security as liquidated damages under a provision of its Instructions to Bidders after J.H. Berra refused to sign the contract.[1] J.H. Berra then initiated this lawsuit to recover the bid security it had posted, and Ballwin filed a counterclaim for the amount of the difference between Berra's bid and the amount of the next lowest bid. The jury returned a verdict for J.H. Berra on both its claim against Ballwin and on the counterclaim.

Appellant's first point challenges the propriety of Instruction 7, J.H. Berra's not-in-M.A.I. verdict director. Appellant argues the instruction incorrectly states the law, went beyond the scope of the pleadings, conflicted with another instruction to appellant's prejudice and violated Rule 70.02(e). The instruction provided:

Your verdict must be for Plaintiff on Plaintiff's claim if you believe:

First, Defendant did not communicate its acceptance of Plaintiff's bid within thirty days after the date Plaintiff's bid was received, and

Second, Defendant did not return Plaintiff's bid security after the time specified in the Instructions to Bidders, and

Third, Plaintiff was thereby damaged.

Whether the "Instructions to Bidders" referred to in this verdict director were in evidence *in toto* before the jury is not apparent from the record before us. We do have plaintiff's trial exhibit one, a four page document containing three sections which are entitled "Notice to Bidders", "Instructions to Bidders" and "General Conditions".

■ In the Notice to Bidders, paragraph 1.01 "Advertisement for Bids" stated that sealed proposals for the construction of the Ballwin Police Facility would be received at the Ballwin City Hall until 2:00 p.m. on March 7, 1986. Paragraph 1.01 of the Instructions to Bidders dictating the bidding procedure provided in pertinent part:

No bid can be withdrawn after the time set for receiving of bids, or during the period when bids are being considered for an award by the Owner. *In no case will action on the bids be deferred beyond thirty days from the date on which bids are received.* (Emphasis added).

The Owner reserves the right to reject any or all bids and to waive any technicalities therein.

*Missouri State Highway Commission v. Hensel Phelps Construction Co.,* 634 S.W.2d 168, 171 (Mo. banc 1982).

---

1. A municipal corporation may not require forfeiture of the bid bond either as a penalty or liquidated damages if the contractor has no legal obligation to fulfill its bid. *State ex rel.*

Paragraph 1.03 of the Instructions to Bidders captioned "Bid Security" required the following:

> Bids must be accompanied by a Certified or Cashier's Check or a Bid Bond in the amount of 5% of the bid, made payable to the City of Ballwin which will be forfeited as liquidated damages in the event the bidder fails to sign a contract and furnish a satisfactory Performance and Payment Bond within ten (10) days following the date on which he is awarded a contract.
>
> *If a proposal is not accepted within thirty days after the date bids are received,* or if the bidder executes a contract and furnishes said bond, *his bid security will be returned.*
>
> Deposits of unsuccessful bidders will be returned shortly after opening of bids. (Emphasis added).

Ballwin contends that neither the Instructions to Bidders nor Missouri law required Ballwin to communicate to J.H. Berra acceptance of its bid within thirty days after Ballwin received the bid. Ballwin states it met the requirement of paragraph 1.01 that no "action on the bids be deferred beyond thirty days on which bids are received," because Ballwin's "action" at its meeting of the Board of Aldermen voting to award J.H. Berra the construction contract on March 24, 1986, was within thirty days of the bid submission on March 7, 1986. Ballwin argues that the proposal terms themselves did not state that acceptance had to be communicated to respondent within thirty days and that the proposal terms are silent on the necessity of communicating the acceptance. Ballwin concludes that, in the absence of any language in the proposal requiring communication of acceptance within thirty days, Missouri law requires only that such acceptance be communicated within a reasonable time.

We disagree with Ballwin's premise that nothing in the proposal terms required Ballwin communicate its acceptance of the bid within thirty days. Paragraph 1.03 expressly states "[i]f a proposal is not accept-ed within thirty days after the date the bids are received, ... his bid security will be returned." That Ballwin "acted" on J.H. Berra's proposal within thirty days pursuant to paragraph 1.01 does not constitute acceptance.

We are mindful of authority stating that awarding the contract to a particular bidder is an acceptance of the bid. *Flinn v. Gillen,* 320 Mo. 1047, 10 S.W.2d 923, 927 (1928). We also realize that no ordinance is required by law to award a contract. *Grant City v. Salmon,* 221 Mo.App. 853, 288 S.W. 88, 90[3] (1926). For example, as was done here, in *McCoy v. Randall,* 222 Mo. 24, 121 S.W. 31 (1909), a viva voce vote of the council of the city of Independence, a third class city, approving a contract award was deemed sufficient where no language contained in the city charter required such acceptance be made by ordinance. 121 S.W. at 35-36. Thus, at first blush, appellant's action awarding the contract appears sufficient.

However, the record before us does not show whether the booklet entitled "Contract Documents" contained a date for when the bids received were to be opened or a time for the contract to be formally entered into by the parties upon the award of the contract. Nothing in the record suggests any reason that J.H. Berra would be on notice of the action taken by Ballwin's Board of Aldermen on March 24, 1986. We also observe that in appellant's trial exhibit one, paragraph 1.01 of the General Conditions titled "Applicable Conditions" provided, in part, that "[t]he Contract for construction will be prepared by the Architect on AIA Form A 111, Standard Form of Agreement Between Owner and Contractor." The language "will be prepared" suggests that Ballwin intended the bid offer and Ballwin's acceptance thereof to constitute a binding *preliminary* agreement to execute a formal contract. According to 63 C.J.S. *Municipal Corporations* § 1158 (1950), "the offer and acceptance constitute a binding preliminary agreement to execute a formal contract,

provided the municipality, with intent and for the purpose of creating a contract, *has informed the bidder of the acceptance.*" (Emphasis added).

■ Missouri case law accords with this proposition. We have recently held that "[a]n uncommunicated intention to accept an offer is not an acceptance ..." *Medicine Shoppe International, Inc. v. J–Pral Corp.,* 662 S.W.2d 263, 269 (Mo.App.1983). Thus, Ballwin's response that delivery of the contract documents to J.H. Berra on April 16, 1986, communicated its acceptance of J.H. Berra's bid within a reasonable time is untenable. Paragraph 1.03 of the Instructions to Bidders required that "[i]f a proposal is *not accepted within thirty days* after the date bids are received, ... his bid security will be returned." (Emphasis added). All the terms and conditions of an advertisement become by implication a part of a valid bid. 10 E. McQuillin, The Law of Municipal Corporations § 29.65 (3rd ed. rev. 1990). Acceptance, concomitant with notice thereof to the bidder, of J.H. Berra's proposal was required not within a reasonable time as Ballwin argues, but within thirty days after the bid was received under the express provision of the advertisement.

Appellant's additional attacks on the instruction are likewise without merit. The instruction does not go beyond the pleadings. J.H. Berra's petition alleged that Ballwin "did not accept" J.H. Berra's proposal within thirty days. Implicit in this allegation is the issue of communication of acceptance; it is not a new issue despite appellant's belief to the contrary.

The verdict director does not, as appellant claims, conflict with Instruction 11, respondent's converse of Ballwin's verdict director on Ballwin's counterclaim. Instruction 11 provided:

> Your verdict must be for Plaintiff on Defendant's counterclaim if you believe Defendant did not communicate its acceptance of Plaintiff's bid within the time specified in the Instructions to Bidders.

■ Ballwin complains that Instruction 7 conflicts with Instruction 11 because they set forth two different time frames for Ballwin's communication of its acceptance. Instruction 7 states "within thirty days after the date Plaintiff's bid was received" while Instruction 11 states "within the time specified in the Instructions to Bidders." Ballwin suggests the latter term could have confused the jury if they looked at the Instructions to Bidders and found a date other than thirty days or no date for communication of acceptance. What appellant overlooks is that Instruction 7, like Instruction 11, also includes in its second paragraph a reference to "the time specified in the Instructions to Bidders". The language of Instruction 7 makes it abundantly clear that the "Instructions to Bidders" refers to the thirty day period following the receipt of the bid. Furthermore, nowhere in the Instructions to Bidders is any time period mentioned other than the thirty day period in paragraphs 1.01 and 1.03. No confusion exists, nor is there any conflict in the two instructions. Finally, we discern no support for Ballwin's contention that Instruction 7 is not impartial and free of argument as required by Rule 70.02(e). Appellant's first point is denied.

■ Ballwin's second point levels another objection to Instruction 11. Ballwin argues that, in addition to conflicting with Instruction 7, the instruction improperly authorized the jury to construe the contract which is beyond the jury's function. Ballwin also states the instruction was not sufficient to defeat its claim because it failed to hypothesize an ultimate fact to defeat the claim.

Instruction 11 was previously set out. J.H. Berra offered the not-in-M.A.I. instruction as its converse of the verdict director on appellant's counterclaim, Instruction 10. Instruction 10 provided:

> Your verdict must be for defendant if you believe:
>
> First, plaintiff offered to furnish all equipment, apparatus, labor and materials necessary to the General Construc-

tion Work for Ballwin City Hall for the sum of $301,651, if defendant accepted plaintiff's offer within thirty days after the offer was received, and

Second, defendant accepted such offer, and

Third, plaintiff thereafter did not preform [sic] what he had so offered, and

Fourth, defendant was thereby damaged, unless you believe that defendant is not entitled to recover by reason of instruction number 11.

Instruction 11 is not a true converse of Instruction 10. It adds communication to the element of acceptance, which is sufficient to defeat appellant's claim for damages. In our discussion earlier, we determined that acceptance, to be valid, must be communicated. Thus, we hold Instruction 11 to be a correct statement of Missouri law, and find the jury was not misinstructed.

■ We also reject Ballwin's argument that the reference in Instruction 11 to the "Instructions to Bidders" gave the jury a roving commission to construe the contract. "[T]he time specified in the Instructions to Bidders" clearly referred to the thirty day period as contained in both Instruction 7 and the "Instructions to Bidders". Instruction 11 did not require the jury to draw any legal conclusions in reviewing the exhibit containing the Instructions to Bidders. Point denied.

■ Ballwin's final point raises trial court error in refusing to give Instruction A tendered by Ballwin. The not-in-M.A.I. instruction provided that "[t]he award of a contract at a public meeting is the public act of a public body and it is a matter of which notice may be presumed so far as parties offering to contract are concerned." The gist of appellant's argument is that J.H. Berra had constructive notice of the acceptance of its offer by Ballwin by virtue of the action of the Board of Aldermen on March 24, 1986, when the Board awarded the contract to respondent at a public meet-

ing. In support, Ballwin relies on *City of Susanville v. Lee C. Hess Co.*, 45 Cal.2d 684, 290 P.2d 520, 527 (Cal.1955). We do not find that case persuasive as the opinion reflects that the president of the company was present when the bids were opened and the award was made by the municipality. We find no Missouri case to support appellant's position. Point denied.

The judgment is affirmed in all respects.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.