## THE STATE ex rel. JIM E. MEEK v. CITY OF CHILLICOTHE.

#### In Banc, November 27, 1911.

1. **STREET IMPROVEMENT: Mode of Assessment: Charter Governs.** The statute in force at the time of the street improvement was the organic law of the city, and an ordinance repugnant thereto must yield. Where the statute limits the property which may be subjected to assessment to that which is abutting, or contiguous, or adjoining, or fronting, only property so situated with reference to the improvement can be assessed with the costs.

2. ———: ———: ———: **Intersections of Cross Streets.** Where the statute confers authority on the city "to levy and collect a special tax on . . . the property . . . on any street" to be improved, the city can charge the cost of paving intersections of cross streets, the width of the street there extending from building line to building line, only on the property abutting the street to be paved, and cannot charge it against the property in the block adjoining the street improved but not abutting or fronting on such street.

3. ———: ———: ———: ———: ———: **Mandamus.** And where the manner of the assessment and apportionment of the costs of the improvement of the street, as made by the city, under an ordinance theretofore adopted, conflicts with the manner prescribed by statute, the court will by mandamus compel the city to issue tax bills charging the costs of the intersections against the property which the statute says must bear the costs.

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Paul D. Kitt* for relator.

The issue here is upon what property should the cost of the paving of these areas formed by these street and alley intersections be assessed; whether entirely on the property fronting on Bryan street, or whether one-half of the cost of such intersections should be assessed on the property fronting on Bryan street and the other half thereof on the property fronting on the intersecting streets. Under the provisions of section 6, of the ordinance, the improvement of the street between the intersections is to be levied on the property on Bryan street fronting the improvements, as to this part of the plan of assessment there is no question or issue. By section 7 the cost of the improvement of the areas formed by the crossing and intersecting of all streets with Bryan street, is assessed one-half thereof on the property fronting on Bryan street and located within the blocks contiguous to the intersection, and one-half thereof on the property fronting on the intersecting street and located within the blocks contiguous to the intersection; as to intersection of alleys with Bryan street, the cost of such improvement is to be paid by the property fronting or abutting on the alleys. The taxbills issued to relator for the cost of such street and alley intersections and which he is seeking to have cancelled, and to have others issued to him in lieu thereof, are those issued against the property fronting and abutting the intersecting streets, namely: Cherry, Washington and Locust streets, and those issued against the property fronting and abutting the alleys. We understand the charter provisions governing the city of Chillicothe (Secs. 6266 to 6271, R. S. 1899) require the cost of the improvement of street and alley intersections, to be assessed entirely on the property fronting or abutting the improvement, in this instance entirely on the property fronting or abutting on Bryan street. This

is our understanding of the decision in City of Chilli-
cothe ex rel. v. Henry, 136 Mo. App. 468. Under the
authority of the case of State ex rel. v. St. Louis, 183
Mo. 230, relator is entitled to have taxbills issued to
him upon an assessment on property within a district
conforming to the provisions of the charter, notwith-
standing he may have received taxbills issued as pro-
vided by an ordinance which conflicts with the charter.
The provisions of the charter control, anything in an
ordinance to the contrary notwithstanding. (2) Re-
spondent contends that section 2, article 4, of the Spe-
cial Charter of Chillicothe, gives to and adds greater
power to said city in fixing the assessment district for
payment of the costs of these improvements, than is
given by Secs. 6266 to 6271, R. S. 1899, and that taking
this charter provision in connection with the statutory
provision, the power of the city to fix the assessment
district in question is ample. We cannot agree with
respondent in this position: First, Because the pro-
visions of said special charter, in so far as they relate
to paving of streets, have been repealed or superseded
by the provisions of Secs. 6266 to 6271, R. S. 1899,
and said statutes constitute the sole power of said
city to pave and improve the streets thereof. Second,
Because the power to pave the streets given by said
section 2, article 4, of the special charter, does not
grant the power to assess the cost on property-own-
ers, which power to assess must be specifically given; a
grant of power to construct a public improvement,
without power to levy assessment, will be presumed
shall be paid for by general taxation. 2 Page and Jones
on Taxation by Assessment, sec. 775. Third. Because
the return admits all facts pleaded in relator's petition
which pleaded that the work was done under the said
statutes and its provisions.

*Frank W. Ashby* for respondent.

(1) Under the statute (Sec. 6266, R. S. 1899), the city is given power by ordinance "to levy and collect a special tax on the owner or occupier of the property, lot or lots, on any street . . . for the purpose of paving, . . . and curbing all or a part of any street." As to what street shall be improved under this statute (on any street) is left entirely to the judgment of the city council; so, too, it is left to the judgment of the city council as to what part of the street (all or a part) shall be improved. And the city having this express power to improve any street or all or a part of said streets, then all matters of detail are properly left to the judgment of the municipal authorities. Springfield to use v. Weaver, 137 Mo. 669. And the city authorities are the proper judges of how much of the street it is necessary to improve. Moran v. Lindell, 52 Mo. 229. (2) It is not necessary to constitute a valid assessment for a street improvement, that the property assessed should be literally in front of or adjacent to the improvement. Powell v. City of St. Joseph, 31 Mo. 347; Sedalia v. Coleman, 82 Mo. App. 560. (3) An intersection of two streets is both streets within such intersection, and property on both streets should pay for the improvement of such intersection and not property on one street alone. Creighton v. Scott, 14 Oh. St. 439. (4) The entire cost of improvements on parts of two streets cannot be charged against property on one of said streets alone. Grading Co. v. Holden, 32 Mo. App. 490. (5) Under the power granted by the Legislature to the city of Chillicothe, the city council of said city had the authority and discretion, as wide as that possessed by the Legislature, in paving and improving the streets of said city, and likewise the same discretion as the Legislature to fix the district and property liable to pay for the cost thereof, and this discretion

is not subject to judicial revision or reversal. Morse v. Westport, 136 Mo. 276; Barber Asphalt Co. v. French, 158 Mo. 534; Pryor v. Construction Co., 170 Mo. 439; Meier v. St. Louis, 180 Mo. 409. The question whether property assessed to pay for improvements is benefited by the improvement, is a legislative and not a judicial question; when the city council of Chillicothe adjudged the property in question benefited and fixed the ratio of such benefit, such judgment of said council was conclusive. Pryor v. Construction Co., 170 Mo. 451.

KENNISH, J.—Relator filed a petition in this court praying the issuance of an alternative writ of mandamus against the city of Chillicothe, respondent herein, commanding it to receive and cancel certain special taxbills theretofore issued to relator under a street paving contract, and to issue in lieu thereof other taxbills as prayed, or to show cause why it had not done so, etc. The alternative writ was waived and respondent made return to the petition. Relator filed a reply raising the issue of law that upon the admitted facts he was entitled to the relief prayed for, and asking that a peremptory writ be issued in accordance with the prayer of the petition.

There is no dispute as to the facts. Respondent is a city of less than ten thousand inhabitants, incorporated under a special charter. In the year 1906 an ordinance was regularly passed by respondent providing for the paving of Bryan street, beginning at the east side of Walnut street and extending east a distance of three blocks, intersecting and crossing Cherry and Washington streets, and ending in the center of Locust street on the east. Alleys running north and south through the centers of the blocks, along that part of Bryan street described, were also intersected. The contract was let to relator and the improvement was made in accordance with the terms thereof. Re-

spondent apportioned the cost of the work against the property liable therefor in accordance with the provisions of the ordinance, and special taxbills were issued and delivered to relator in payment for the work.

Bryan street is sixty-six feet wide, and it was provided by the ordinance that twenty-four feet in width in the center of the street should be paved, leaving twenty-one feet on each side to be occupied respectively by a sidewalk and parkway. It was also provided that where the street intersected an alley the pavement should be made across the parkway and sidewalk to the property line, and that at the intersections of the streets crossed, the paving, for a distance of twenty-four feet, should be the full width of Bryan street, to-wit, sixty-six feet. The paving would thus be widened, at the intersections of other streets, to the extent of twenty-one feet on each side (being the width of the parkway and sidewalk), and for a distance of twenty-four feet (being that part of the intersecting street between the sidewalks and parkways on either side thereof).

The sole question involved in this controversy is as to what property is liable for special taxes for the payment of the cost of paving the intersections of streets and alleys. It is agreed that the abutting property is liable for the cost of the work between intersections, and no issue is made in this case as to the taxbills for that part of the improvement. As to the areas formed by street intersections, the controversy is not limited to the extra width of Bryan street paved at such points, but includes liability for all paving done within the entire areas formed by the intersections of the streets.

The provisions of the ordinance under which the improvement was made, for the apportionment of the cost of paving street and alley intersections, are as follows:

"Sec. 7. The cost of paving, curbing and otherwise improving said streets as herein provided, of the areas as formed by the intersecting, crossing or meeting of streets and other highways, or parts thereof or connecting therewith, shall be levied as a special assessment and paid for as follows:

"Such areas shall be divided into parts or portions by lines drawn lengthwise along the middle of each of said streets or highways so intersecting, crossing or meeting and the cost of said parts or portions shall be levied as a special assessment against the block or square contiguous to each and prorated against the lots or pieces of ground in such block or square fronting or abutting on said street and against the lots or pieces of ground in such block or square fronting or abutting on such intersecting, crossing or meeting street or highway.

"The cost of paving, curbing and otherwise improving as herein provided, the areas as formed by the intersecting, crossing or meeting of alleys with said street shall be levied as a special assessment and paid for as follows:

"Such areas shall be divided into parts or portions by lines drawn lengthwise along the middle of each of said alleys and said street so intersecting, crossing or meeting, and the cost of said parts or portions shall be levied as a special assessment against the subdivision of the block or square contiguous to each, and prorated against the lots or pieces of ground in such subdivision of such block or square fronting or abutting on such alley."

Section 6266, Revised Statutes 1899, under which respondent exercised power to pave its streets, was as follows:

"The council and board of trustees of every city, town or village, in this State having a special charter and containing ten thousand inhabitants or less, shall have power by ordinance to levy and collect a special

tax on the owner or occupier of the property, lot, or lots, on any street, alley, avenue, or public highway, within such city, town or village for the purpose of paving, graveling or macadamizing and guttering and curbing all or a part of such streets, alleys, avenues, or public highways, and for the purpose of constructing sewers or sidewalks in front of or along said property, lot or lots: Provided, said paving, graveling, or macadamizing, and guttering, and curbing, and sewers or sidewalks, shall be done, made and constructed in the manner and with the materials to be designated by the improvements committee, city engineer, or other officer having charge of such work in such city, town or village.''

And section 6268, relating to the computing and apportioning of the cost of the improvement, provided:

''. . . When such work shall be completed the improvements committee, city engineer or other officer having the work in charge, shall compute the costs thereof and apportion the part or proportion levied against the owner or occupier as aforesaid among the several lots or parcels of land to be charged therewith and charge each lot or parcel of property with its proper share of such costs according to the frontage of the property.''

The next succeeding section provided for the issuing of special taxbills, made out according to the apportionment of the cost of the work against the several parcels of land charged therewith, and for the delivery of such bills to the contractor, in payment for the work done.

It appears that in the case of Chillicothe ex rel. v. Henry, 136 Mo. App. 468, the court passed upon the validity of a special taxbill issued to this relator by respondent in payment for work done by relator under a street paving contract, in which the cost of the work for paving street intersections was apportioned against the property as in the case at bar, and the court held

the taxbill invalid for the reason that the apportion-
ment was not according to the governing statute. Pur-
suant to that decision, relator requested respondent
to receive and cancel the special taxbills issued in pay-
ment for the improvement now in controversy and to
issue and deliver to relator other taxbills against the
property liable for the payment for such improvement
under the law as construed in said case. This request
was refused by respondent, and hence this suit.

Relator, in accordance with the decision in the
case of Chillicothe ex rel. v. Henry, supra, contends
that the property abutting on Bryan street is liable
for the entire cost of paving the intersections of
streets and alleys, while respondent maintains that
the property in the blocks fronting on the streets im-
proved is liable, as prescribed by section 7 of said
ordinance. Respondent concedes that if a correct con-
struction of the law requires the apportionment of
the cost as contended for by relator, and as decided
by the Court of Appeals, then relator is entitled to re-
lief and the peremptory writ of mandamus should go.

From the foregoing statement it appears that all
of the paving done and required to be done under
the provisions of the ordinance was upon and within
the boundary lines of Bryan street. It also appears
that the law under which respondent was proceeding
conferred upon it the power "to levy and collect a
special tax on the owner or occupier of the property,
lot, or lots, on any street, alley, avenue, or public high-
way, within such city, town or village for the purpose
of paving, graveling or macadamizing and guttering
and curbing all or a part of such streets, alleys, aven-
ues or public highways, and for the purpose of con-
structing sewers or sidewalks in front of or along said
property, lot, or lots."

It is plain that the Legislature, in thus defining
the charter power of respondent to pave its streets
and pay therefor, intended to make the property abut-

ting the street to be paved, liable for the cost, and not the property in the block adjoining the street improved but not abutting or fronting on such street.

The statute in force at the time of the improvement was the organic law of the city and an ordinance repugnant thereto must yield. The rule, as stated in 28 Cyc. 1122, is that, "The municipality in determining the location of property liable to assessment must comply with the provisions of the enactment under which it proceeds." The right of respondent to assess special taxes for benefits to property rests upon legislative authority, and the rule as to the property liable for such taxes is: "Where the statute limits the property which may be subjected to assessment to that which is abutting, or contiguous, or adjoining, or fronting, only property so situated with reference to the improvement may be assessed." [28 Cyc. 1123, and cases cited; 1 Page and Jones on Taxation by Assessment, sec. 440; Hamilton on Law of Special Assessments, sec. 538; Barber Asphalt Paving Co. v. French, 158 Mo. 534; Paving Co. v. Peck, 186 Mo. 506.] It is also the rule that, "The cost of paving intersections may be included in an assessment of abutting property." [28 Cyc. 1124.]

We do not question the power of the Legislature to provide for the apportionment of the cost of paving intersections upon the basis provided in section 7 of the ordinance. Indeed, that basis seems the more equitable of the two, and has long been the rule as to cities of the fourth class. [Sec. 9405, R. S. 1909.] It has also been adopted by the General Assembly of this State as the rule in case of cities under special charters, since the improvement in controversy was made. [Laws 1909, p. 322.] The Legislature had the undoubted authority to confer upon respondent city the power to assess benefits for paving street and alley intersections against the property abutting on the street paved, or against the property of the adjoining

blocks, as prescribed by the present law and by said section 7 of the ordinance. However, the former rule was the law when Bryan street was paved, and we therefore adopt the construction placed upon the statute by the Court of Appeals in the Henry case.

The taxbills having been issued against property not liable for the cost of the improvement under the charter provisions of the city, the case comes within the law as declared by this court in the case of State ex rel. Barber Asphalt Paving Co. v. City of St. Louis, 183 Mo. 230, and relator is entitled to the relief prayed for.

The peremptory writ is awarded. All concur—*Graves, J.,* in the result.