## STATE EX REL. P. PICKERING, Respondent, v. CITY OF WILLOW SPRINGS, Appellant.

Springfield Court of Appeals, May 3, 1921.

1 **MANDAMUS: In Proceeding Against City, Officers not Parties Cannot be Compelled to Perform Duty.** Though under Revised Statutes 1919, section 8694, a city of the fourth class has authority to abate a nuisance just outside the corporate limits, the officers of the city cannot be compelled to do so in a mandamus suit, not brought against them, but against the city.

2. ——: **Does not Generally Lie to Control Discretion of Public Officers.** As a general rule, mandamus will not lie to control the discretion of public officers, but only to require the performance of a plain ministerial duty.

3. ——: **Does not Lie to Compel Abatement of Alleged Nuisance not Declared such by Ordinance.** Where the mayor and aldermen of a city of the fourth class have passed no ordinance and taken no steps to abate an alleged nuisance just outside the city limits, mandamus will not lie to compel its abatement, as whether the alleged nuisance is in fact a nuisance and subject to abatement is a question of judgment on the part of the legislative body of the city, and the duty to abate the nuisance is not a ministerial duty.

Appeal from the Howell Circuit Court.—*Hon. E. P. Dorris,* Judge.

REVERSED.

*John C. Dyott* and *W. N. Evans* for appellant.

The court committed error in rendering a judgment or pretended judgment against defendant, city of Willow Springs, for the reason that the petition, or pretended petition, and application states no cause of action against the city of Willow Springs and the evidence fails to disclose any condition that the city of Willow Springs is bound to or has any power to abate; that said petition is not against any officer of the city of Willow Springs asking the performance of any ministerial duty enjoined upon such officer and the court should not have issued the temporary writ nor rendered final judgment on plaintiff's complaint. State ex rel. v. Buhler, 90 Mo. 560; State ex rel. v. Smith, 104 Mo. 661; State ex rel. v. Bourne, 151 Mo. App. 104; State ex rel. v. Stone, 269 Mo. 334; State ex rel. v. Road District, 217 S. W. 605; Drainage District v. Railroad Company, 217 S. W. 70, 266 Mo. 239, 265.

*B. L. Rhinehart* and *L. C. Neder* for respondent.

(1) The petition clearly shows a clear and specific legal right in the petitioner to be enforced and a duty which ought to be and can be performed by the city of Willow Springs and that there is no other legal or adequate remedy. State ex rel. v. Bridge Co., 206 Mo. 134; State ex inf. v. Kansas City Gas Co., 254 Mo. 532; State ex rel. v. Stone, 269 Mo. 334. (2) When the law enjoins upon a public officer the performance of a specific act or duty obedience to the law may be enforced by mandamus. State ex rel. Faires v. Buhler, 90 Mo. 569. (3) Appellant as a city of the fourth class have general control and charge of their streets and alleys to protect the citizens from danger, to abate nuisances

and to regulate their proper use. City of Plattsburg
v. People's Telephone Co., 88 Mo. App. 311; Wagoner
v. City of South Gorin, 88 Mo. App. 25. (4) - The law
makes it the absolute duty of the city to remove the
nuisance within a reasonable time, and holds it liable
for damages resulting from neglect of that duty. - Sallee
v. St. Louis, 152 Mo. 622. (5) This action is a civil
proceeding in mandamus, a remedy, in tne nature of
a civil action, legal and personal in its nature. The
findings of the trial court when supported by the evi-
dence cannot be disturbed by the appellate court. State
ex rel. v. Bourne, 151 Mo. App. 104.

BRADLEY, J.—This cause is in mandamus to com-
pel the defendant city to abate a nuisance. On trial
what might be termed a judgment of peremptory man-
damus was rendered directing the abatement of the
nuisance. From this judgment the defendant city ap-
pealed.

Near the defendant city, but just beyond the cor-
porate limits, is a creamery from which the washings
and waste are discharged into a drain or branch. This
branch passes near relator's dwelling. The waste dis-
charged does not pass down the branch and away, only
at intervals, because the branch does not flow freely
only after heavy rains. The consequence is that the
waste gathers along in pools and gives off a very of-
fensive odor, and according to the evidence is a nui-
sance. It appears also that a part of the stench may
be due to the sewage from a hotel and a railroad build-
ing. Relator after describing the nuisance alleges that
same could be abated by piping at small expense to the
city.

Defendant in its return filed what may be considered
as a demurrer, but coupled with it allegations to the
effect that the city is "broke" and is already taxed and
bonded to the legal limit. No answer or pleading to
the return was made, but no point is made in this respect.

That relator and others similarly situated have suf-
fered and are suffering a grievous wrong, there is no

doubt. The mayor and other city officers who were witnesses admitted in effect that relator's grievance was well founded, and no one even intimated that relator had in anyway magnified the discomfort and menace that are ever present at his home and that of his neighbors. Will mandamus lie? Defendant is a city of the fourth class. The statute, section 8694, Revised Statutes 1919, gives authority to the city to abate this nuisance. It is held in Sallee v. St. Louis, 152 Mo. 615, 54 S. W. 463, that it is the absolute duty of a city to abate such a nuisance. But if the officers of a city fail to do their duty, can they be compelled to do so in a suit not against them, but against the city? Or if against the officers in such a case as here, will mandamus lie to compel the proper ordinance and procedure to abate this nuisance? We think that the first question answers itself. Here the city only is named as defendant. The judgment of peremptory mandamus directs that the nuisance be abated, and that "the city of Willow Springs shall immediately take steps to abate the same." The city of course can act only through its officers or agents, and we do not know how a judgment like the one rendered here could be enforced. But granting that relator's cause was directed against the proper officers, let us then consider the situation from that viewpoint. The general rule is that mandamus will not lie to control the discretion of public officers, but will only lie to require the performance of a plain ministerial duty. [State ex rel. v. Bourne, 151 Mo. App. 104, 131 S. W. 896; State ex rel. v. Fort, 180 Mo. 97, 79 S. W. 167.] The record discloses that the mayor and board of aldermen have passed no ordinance or taken any steps to abate the nuisance except to merely talk about it and discuss it. As to whether the alleged nuisance is in fact a nuisance and subject to abatement is a question of judgment on the part of the legislative body of the city, and certainly we have no authority to direct the subject-matter of legislation on the part of the city council. It is their duty to relieve the inhabitants of the city

of this nuisance; but such duty is not, in the state of this record, a ministerial duty, and, therefore, cannot be directed in mandamus.

In State ex rel. v. Bersch, 83 Mo. App. 657, 1. c. 668, the law is declared to be that when a municipal assembly or council acts within the sphere of its authority, its discretion is as wide as that possessed by the general assembly of the State and is as free from judicial interference. In writing of manadamus in connection with its application Judge McQuillin, 7 McQuillin On Municipal Corporations, sec. 1380, says: "If the duty of the proper officers to abate the nuisance and remove the obstruction is clear, ministerial and not discretionary, mandamus will usually lie." But that is not the case here. Plaintiff is entitled to redress and relief by proceeding against those responsible for the nuisance, and we decline to uphold the present proceeding. We find no authority to justify us, and plaintiff's learned counsel has not. Merely because plaintiff's rights have been grossly transgressed does not authorize the relief sought here. The judgment below should be reversed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.