## CITY OF NACOGDOCHES v. McBRIDE.

### No. 1973.

Court of Civil Appeals of Texas. Beaumont.
April 18, 1930.

Rehearing Denied April 30, 1930.

A. T. Russell, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, J.

Under the provisions of its charter, the city of Nacogdoches owns and operates the waterworks within its corporate limits and under its charter has assumed the duty of supplying its inhabitants with water. Appellee owns certain real property within the corporate limits of the city of Nacogdoches which, prior to its purchase, had been connected by the city to its water mains and at

the time of its purchase the city was supplying water through its mains to this property. After its purchase, because the property was vacant, appellee had the connection discontinued. When he subsequently rented the property, he made demand of the city, through its proper officers, tendering them the necessary fees, for water and asked that the water be turned into his premises. This demand was refused upon the ground that appellee's vendor owed a bill to the city of $27.50 for the installation of the connections between the water main and appellee's property. The city, through its proper officers, offered to make the connection and furnish appellee water on condition that he pay this old bill owed by his vendor. He refused to make the payment, as demanded, and instituted this suit for mandamus against the city, praying that it be required to make the connection and furnish him water as it did the other subscribers of its waterworks system. Upon trial on the merits, mandamus was awarded as prayed for.

Appellant's assignments are that the petition was subject to general demurrer because: (a) No ordinance was alleged imposing upon it the duty to furnish water to its inhabitants; (b) no ordinance was alleged imposing upon any officer of the city the duty to make the connection; (c) the city commission was not a party; (d) there was no allegation that any officer of the city had breached any duty properly imposed upon him under ordinance by refusing to make the connection; (e) there was no allegation that appellee was an inhabitant of the city; (f) there was no allegation that appellee's property was within the territory entitled to service from appellant's waterworks system.

On the facts appellant makes the following concession: "It appears that the Plaintiff in this case has suffered no injustice at the hands of the City. By merely paying for the pipe to connect his premises with the City's main and paying therefor, just as other citizens are required to do, he can procure the usual water service accorded the inhabitants in the City of Nacogdoches."

### Opinion.

■ The petition was not subject to the general demurrer. It was alleged that appellant, under its charter, had the "power and authority to provide or cause to be provided its inhabitants and consumers of water with water"; that appellant had assumed this duty and owned and operated a system of waterworks for the purpose of furnishing its inhabitants with water, and was able, through its system of waterworks, to supply appellee's premises with water, and by appropriate language plead all the facts stated supra.

On these allegations, independent of any ordinance, appellant was under the duty, subject to proper regulations, to supply appellee with water. This duty followed because appellant was asserting the power granted it by its charter to supply water to its inhabitants, and, having assumed the duty, could not avoid the consequences by failing to pass regulatory ordinances. It was alleged that appellant had a certain agent in its employment, giving his name, whose duty it was to make the connection. It did not require a special ordinance to create this agency nor to prescribe its duties. This agency and its duties were inherent in the proper discharge of the charter obligation to furnish water.

■ Neither the members of the city commission nor the officer or agent whose duty it was to make the connection were necessary parties to this suit. The rule is thus anounced by Dillon on Municipal Corporations (5th Ed.) § 1521: "Where the duty was one to be performed by a corporation, the writ may be directed to the corporation in its corporate name." This rule has support in Leavenworth County v. Sellew, 99 U. S. 624, 25 L. Ed. 333.

■ The petition fully alleged that the officer whose duty it was to make the connection had failed to do so, and the facts constituting the wrong were fully alleged. It was not necessary that appellee allege that he was an inhabitant of the city of Nacogdoches. It was the duty of appellant to furnish water to all consumers on equal terms whose property was entitled to water privileges. It was not only alleged that appellee's property was entitled to water, but it was further alleged that appellant had in fact previously furnished water to this property and that at the time relief was asked all that was necessary was to make the necessary connections.

■ The right to the mandamus was conceded by appellant, as appears from the quotation we have made from its brief, on condition that appellee pay the unpaid cost of installation due by his vendor. There was no ordinance pleaded imposing this burden upon this property as a condition of this relief, and it was neither pleaded nor proven by appellant that appellee had actual or constructive notice of a regulation to this effect at the time he purchased the property nor of the unpaid bill at the time he made the purchase. The mandamus was properly awarded.

Affirmed.