ASSOCIATED HOLDING COMPANY, RESPONDENT, v. W. B. KELLEY & CO. ET AL., DEFENDANTS, CITY OF ST. JOSEPH, APPELLANT.—90 S. W. (2d) 419.

Kansas City Court of Appeals. January 6, 1936.

*Kranitz & Duncan* for respondent.

*Wm. M. Morton* for defendant Fairleigh Realty Co.

*John S. Boyer, Richard S. Duncan* and *Francis A. Pickle* for appellant.

REYNOLDS, C.—This is a suit by plaintiff on two special tax bills numbered respectively 59664 and 59679, issued by the city of St. Joseph under date of April 22, 1929, against the properties therein described for street improvement, in which the Fairleigh Realty Company, W. B. Kelley & Company, the city of St. Joseph, the Prescott, Wright, Snider Company, a corporation, and the Hesse-Rix Company, a corporation, were originally made defendants. Afterward, Milton S. Gray and Eda Milne Gray were, upon their application, made parties defendant.

The tax bill No. 59664 was issued for the sum of $363.01, and the tax bill No. 59679 was issued for the sum of $1527.35, and each bore interest from date if not paid within thirty days after date as required by law.

The petition is in two counts and is, omitting caption and signatures, as follows:

## "COUNT 1.

"Plaintiff for its first cause of action states that the defendants hereinabove named are the owners of or claim some interest in the following described property: The West Two Hundred Forty (240) feet of Park No. 1 in Fairleigh Place, an addition to the City of St. Joseph, Missouri; that at all times herein mentioned the City of St. Joseph was a municipal corporation existing under the laws of the State of Missouri as a city of the first class and that Ray Dunlap was the City Engineer of said city; that said property is subject to a special tax for the paving of Frederick Avenue from the East line of Twenty-sixth Street to the West line of Noyes Blvd. as defined in Special Ordinance of the City of St. Joseph, No. 11052, approved January 21, 1929, and that said special tax bill No. 59664 dated April 22, 1929, was duly issued to the Consolidated Paving & Material Company from whom plaintiff is the lawful assignee for value and which said tax bill is marked Exhibit 'A' hereto attached and made a part of this petition; that said property is legally charged with the total sum of Three Hundred Sixty-three Dollars One Cent ($363.01) which said sum with interest at the rate of eight (8) per cent per annum from the date of said bill is now due and payable and has not been paid.

"Wherefore, plaintiff prays judgment for the total sum of Three Hundred Sixty-three Dollars One Cent ($363.01) with interest at

the rate of eight (8) per cent per annum from the date of said bill and that the same be declared a special lien upon said lot and that said lien and all right, title and interest of the defendants in said property be foreclosed and that it have special execution therefor.

"Plaintiff further prays that the court declare said judgment to be a general judgment against defendant, City of St. Joseph, to be collected in like manner as other judgments against said city, in addition to the lien of said tax bill against the property hereinabove set out.

## "COUNT 2.

"Plaintiff for its second cause of action states that the defendants hereinabove named are the owners of or claim some interest in the following described property: The East Two Hundred Ninety (290) feet of Park No. 1 in Fairleigh Place, an addition to the City of St. Joseph, Missouri; that at all times herein mentioned the City of St. Joseph was a municipal corporation existing under the laws of the State of Missouri as a city of the first class and that Ray Dunlap was the City Engineer of said city; that said property is subject to a special tax for the paving of Frederick Avenue from the East Line of Twenty-sixth Street to the West line of Noyes Blvd. as defined in Special Ordinance of the City of St. Joseph, No. 11052, approved January 21, 1929, and that said special tax bill No. 59679 dated April 22, 1929, was duly issued to the Consolidated Paving & Material Company from whom plaintiff is the lawful assignee for value and which said tax bill is marked 'Exhibit B' hereto attached and made a part of this petition; that said property is legally charged with the total sum of One Thousand Five Hundred Twenty-seven Dollars Thirty-five Cents ($1527.35) which said sum with interest at the rate of eight (8) per cent per annum from the date of said bill is now due and payable and has not been paid.

"Wherefore, plaintiff prays judgment for the total sum of One Thousand Five Hundred Twenty-seven Dollars Thirty-five Cents ($1527.35) with interest at the rate of eight (8) per cent per annum from the date of said bill and that the sale be declared a special lien upon said lot and that said lien and all right, title and interest of the defendants in said property be foreclosed and that it have special execution therefor.

"Plaintiff further prays that the Court declare said judgment to be a general judgment against defendant, City of St. Joseph, to be collected in like manner as other judgments against said city, in addition to the lien of said tax bill against the property hereinabove set out."

The defendant city filed a demurrer to the petition and thereafter its separate answer in which it is admitted that the city of St.

Joseph is a city of the first class; that Ray Dunlap was the city engineer of said city; and that the special tax bills described in the respective counts of the petition were issued to the Consolidated Paving & Material Company and by it assigned to the plaintiff. All other allegations of the petition were denied. For further answer, the city alleged that it was without knowledge as to whether the other defendants were the owners of or made claim to any interest in the properties described in the petition but, for itself, denied that it had any claim to or interest in said properties and denied that it had any right, title, or ownership in or to said properties or any part thereof.

The defendant Fairleigh Realty Company and the defendants Milton S. Gray and Eda Milne Gray also filed separate answers, which it is unnecessary to set out here other than to state that defendant Fairleigh Realty Company denied in its answer that it was the owner of any of the properties described in the petition or that it made any claim thereto and denied any liability for the payment of the tax bills sued on. All defendants other than the defendant city of St. Joseph, the Fairleigh Realty Company, and Milton S. Gray and Eda Milne Gray were, during the progress of the trial and prior to the submission of the cause, dismissed from the record by the plaintiff.

The case proceeded to trial before the court without a jury on the pleadings above mentioned. The plaintiff offered in evidence the tax bills marked "A" and "B" (Exhibit A being tax bill No. 59644, made "chargeable to W240' Park, Lot — in Block 1 in — Addition to said City" and Exhibit B being tax bill No. 59679, made "chargeable to E290' Park, Lot — in Block 1 in — Addition to said City") and rested its case.

The defendant city thereupon requested a declaration of law marked "A" to the effect that plaintiff is not entitled under the pleadings and the evidence to a general judgment against the city on either count of the petition. Such declaration was refused, and no evidence was offered by the defendant city. Evidence was thereafter offered by the defendants Fairleigh Realty Company and the answering defendants Gray tending to support the defenses set up in their respective answers. It is not necessary to set out such evidence at this point; but, if occasion so requires, it will be fully set out in the further course of the opinion. There also appear in the record certain admissions of fact agreed upon by all of the parties, which it is unnecessary here to set out.

At the close of the evidence, the court made a finding that, under Count 1 of the petition, special tax bill No. 59644 sued upon "was assessed against the property known and described as the west two hundred forty (240) feet of Park One (1) in Fairleigh Place, an addition to the City of St. Joseph, Buchanan County, Missouri,"

and, under Count 2, that special tax bill No. 59679 "was assessed against property known and described as the east two hundred ninety (290) feet of Park One (1) in Fairleigh Place, an addition to the City of St. Joseph, Buchanan County, Missouri;" that, at the time of the improvement for which the tax bills were issued and to the present time, the defendant city of St. Joseph owned and still is the legal owner and holder of the title to the real estate described in the petition in fee simple absolute; and that the defendant Fairleigh Realty Company had and has no right, title, or interest in or to said real estate. It thereupon ordered, adjudged, and decreed that plaintiff recover from the defendant city the total sum of the tax bills named in the petition with interest thereon in the total sum of $2457.45. It further ordered, adjudged, and decreed that the defendant city is the owner of the fee simple absolute title to the properties described in the petition and in the tax bills and is liable for the payment of said tax bills; and it ordered and adjudged that the defendant city should out of its general revenue pay the amounts of said tax bills.

The defendant city filed timely motions in arrest of judgment and for new trial, both of which were overruled.

From the judgment so rendered against it in favor of the plaintiff, the defendant city appealed.

The appeal was allowed by the Circuit Court of Buchanan County to the Supreme Court; and the transcript of the judgment, together with the filing by defendant city of the motions in arrest of judgment and for new trial and the action of the trial court thereon with the order granting the appeal duly certified, was filed in such court. In a written opinion filed, the Supreme Court held that it had no jurisdiction of the subject-matter of the cause upon the appeal but that the appellate jurisdiction was in this court and accordingly ordered that the cause be certified to this court for hearing upon the appeal.

## OPINION.

The defendant city (the appellant) upon this appeal makes the point that the petition fails to state facts sufficient to constitute a cause of action for a general judgment such as that sought therein and rendered against it thereunder, that it fails to plead ultimate facts necessary to establish such a cause of action.

The authority for a general judgment against a city of the first class, such as the defendant city of St. Joseph, for a proportionate share of the costs of a street improvement to be paid out of its general revenues and the facts and circumstances required to exist in order to charge it with liability for the payment of such costs and to render it subject to the recovery of a general judgment against it therefor are found in Section 6298, Revised Statutes of 1929, where-

in it is provided: ''When the city owns in fee simple absolute any lot or parcel of land liable to be charged for work by special tax bill, and in any case of improvement alongside of a public square, or other place held for public use other than a street, avenue, alley or highway, the city shall, out of the general revenue of the city, pay its proper proportionate share of 'the cost of the work mentioned herein, a tax bill against the city to be issued, in which the city may be sued in default of payment; but no property held for public use shall be sold, and the judgment shall be the same as ordinary judgments for the recovery of money on contract.''

Before the city may therefore be liable for a general judgment to be paid out of its general revenues, it must appear as in said Section 6298 required that it is either the owner in fee simple absolute of the property described in the tax bills sued on, against which the amount of such tax bills is charged or chargeable, or that the improvement for the costs of which such tax bills were issued was made alongside a public square or other place held by it for public use other than a street, avenue, alley, or highway and that the tax bills in suit were issued against its proportionate share of the costs of such improvement and that it had made default in the payment of such tax bills.

It is contended by the defendant city that such facts must in some manner be made to appear from the allegations of the petition; that they have been wholly omitted therefrom by the pleader in this case; and that therefore the petition fails to state a cause of action against defendant city for a general judgment.

On the other hand, it is contended by the plaintiff that, under Section 6294, Revised Statutes of 1929, the petition is sufficient; that by such statute it is provided that in a suit on a tax bill it shall be sufficient for the plaintiff to plead the making and issue of the tax bill sued on giving the date and contents thereof, the assignment thereof in case of assignment, the filing of the same, and allege that the party or parties made defendant own or claim to own the land charged or some estate or interest therein as the case may be.

It is contended by the plaintiff that the suit in question is not an ordinary suit for a general money judgment but a suit to enforce special tax bills issued against properties lying adjacent to the street improvement; that, in such cases, the sufficiency of the petition is provided by Section 6294, Revised Statutes 1929; and that it is not necessary under said section that the petition directly allege the ownership by the defendant city in fee simple of the properties described in such tax bills or that the improvement for the costs of which such tax bills were issued was alongside property held by it for public use but that such allegations are supplied by the prima facie presumptions attending the validity of the tax bills sued on, of the doing of the work, of the furnishing of the materials charged,

and of the liability of the property described therein to the charges stated in such bills, as further provided by said section.

The petition alleges in each count thereof that, at all of the times mentioned, the city of St. Joseph was a municipal corporation existing under the laws of the State of Missouri as a city of the first class and that Ray Dunlap was the city engineer of said city. It describes the properties sought to be charged with the amount of the tax bills sued on therein and alleges that the defendants named therein own or claim to own such properties or claim to have some interest in the same; that such properties are subject to a special tax for the paving of Frederick Avenue from the east line of Twenty-sixth Street to the west line of Noyes Boulevard as defined in special ordinance of the city of St. Joseph, Missouri, No. 11052, approved January 21, 1929; that the special tax bills sued on in the respective counts (the dates and the numbers of which are given therein) were duly issued to the Consolidated Paving & Material Company, from which company plaintiff is the assignee of such tax bills for value; that said tax bills are marked Exhibits A and B, attached to, and made a part of the petition; that the properties described therein are legally charged with the amount of the tax bills sued on therein with interest at the rate of eight per cent per annum from the date of said bills; and that said bills are due and payable and have not been paid. In each count, the petition seeks to have the tax bill sued on therein declared a special lien on the property described therein and such property foreclosed by sale under special execution against the right, title, and interest of the defendants in said property and prays that said judgment be declared a general judgment against the city of St. Joseph to be collected in like manner as other judgments against said city in addition to the lien of such tax bill against the property set out therein. It nowhere directly alleges that the tax bills in suit were in fact issued against the defendant city and that the defendant city had defaulted in the payment of the same.

Before the defendant city may be proceeded against for a general judgment and a general judgment rendered against it, tax bills must be issued against it for its proportionate share of the improvement made, as required in Section 6298; and the suit must be against it on such tax bills.

Under Section 6294, it is required only that the tax bills be issued against the properties along which the improvements are made. It is not necessary that the names of the owners of such properties be recited therein. This is true because the only relief permitted under such section is the enforcement of the tax bills as liens against such properties. The owners of such properties are not personally liable, and personal judgments cannot be had against them for the amounts of said tax bills. It is necessary only that such owners be made par-

ties to an action for the enforcement of the liens of such tax bills in order that their rights, titles, and interests in the properties may be foreclosed.

However, under Section 6298, it is not the properties that are charged, but it is the defendant city. It is made liable by the terms of said statute for its proportionate share of the costs of the improvements made alongside the properties therein; and tax bills are required to be issued against it for such proportionate share, upon which it may be sued as for the recovery of money on a contract. In other words, the city is made liable as on a personal obligation for its share of the costs of the improvements and for the amount of the tax bills issued against it on account thereof, upon which a general judgment may be recovered against it. The tax bill is the basis of any suit for the recovery of such a judgment. A tax bill is not required by such section to be issued against the property, but the only requirement is that one be issued against the city. It is inconceivable that one might be issued against the city without the city being named therein as the party liable for its payment.

There is nothing alleged in the petition with reference to the tax bills in suit having been issued against the city as and for a personal obligation; but, on the other hand, the allegations of the petition with reference to such tax bills are to the effect that they are charges against the properties described therein; and that they are tax bills issued against the city upon which it is liable as or for a personal obligation for the payment of money as on a contract is negatived.

Had the petition alleged that the tax bills mentioned and sued on therein had been issued against the defendant city for its proportionate share of the improvements made under the ordinance referred to in the petition and that they were charges against it, then the prima facie presumption might have been indulged, as to the liability of the defendant city, that such tax bills were valid and that it was chargeable with the payment of the same; and such petition, with other averments therein, might be held sufficient to state a cause of action against the defendant city for the recovery of a general judgment against it thereon.

It is immaterial that, upon the tax bills referred to in the petition, the petition states a good cause of action against the individual co-defendants of the defendant city named therein for the enforcement of liens against the properties described in such tax bills, which it doubtless does. The plaintiff could not, under the provisions of the sections of the statute mentioned, establish and enforce a lien by sale under special execution against defendant city's interest in the properties mentioned. The only remedy plaintiff has against the defendant city, under said sections, is by way of an ordinary general judgment against it in a suit upon tax bills issued against it upon

which it is liable and upon which it may be sued in like manner as upon its obligations under a contract.

It must therefore be held that, for the reasons stated, the petition fails to state facts sufficient for a cause of action against the defendant city for a general judgment such as that rendered herein against it in the court below.

It is unnecessary to discuss or determine other questions raised in the briefs on this appeal, either by the plaintiff or by the defendant city or by other parties. For the reasons stated, the judgment of the trial court for the plaintiff against the defendant city must be reversed. It is accordingly so ordered. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is reversed. All concur.