STATE OF MISSOURI EX REL., ASSOCIATED HOLDING COMPANY, RESPONDENT, v. CITY OF ST. JOSEPH, APPELLANT.—169 S. W. (2d) 419.

Kansas City Court of Appeals. February 1, 1943.

*Louis Kranitz* and *Conkling & Sprague* for respondent.

*Homer C. King* and *Bart M. Lockwood* for appellant.

404

SPERRY, C.—This is a *mandamus* suit brought at the relation of Associated Holding Company, against the City of St. Joseph. Relator is the owner of two special tax bills issued for the cost of paving a portion of a street in St. Joseph upon which abuts a tract of land known as Park 1, Fairleigh Place, an addition to the city. Relator contends that said tax bills were erroneously issued in the name of Fairleigh Realty Company, a corporation, as owner, whereas the city of St. Joseph is, and was at the time the bills were issued, the owner of said real estate, and that said bills should have been so issued. Relator, in this action, seeks a writ directing respondent to cancel said tax bills as originally issued and to issue two new and corrected tax bills in lieu thereof. Judgment was for relator and respondent appeals.

Many defenses are urged by respondent, among which is that the trial court did not have jurisdiction to compel the issuance of new tax bills because there was no one within the jurisdiction of the court, as a party to this cause of action, whom the court could compel to do anything. We think this contention must be sustained.

In State ex rel. Pickering v. City of Willow Springs, 208 Mo. App. 1, the action was in *mandamus* wherein the "City of Willow Springs" was the only respondent, and relator sought to compel respondent to abate a nuisance. Relator had a judgment granting the relief prayed. The Springfield Court of Appeals said, l. c. 4:

". . . It is held in Sallee v. St. Louis, 152 Mo. 615, 54 S. W. 463, that it is the absolute duty of a city to abate such a nuisance. But if the officers of a city fail to do their duty, can they be compelled to do so in a suit not against them, but against the city? . . . Here the city only is named as defendant. The judgment of peremptory *mandamus* directs that the nuisance be abated, and that 'the city of Willow Springs shall immediately take steps to abate the same.' The city of course can act only through its officers or agents, and we do not know how a judgment like the one rendered could be enforced."

The judgment was reversed.

The decision in that case is in harmony with the majority of the authorities on the subject. In 38 C. J., page 848, par. 554, it is said: "The person or body whose duty it is to perform the act sought to be enforced by *mandamus* is a necessary party respondent." The above decision is cited as authority for that declaration of law. In

State ex rel. Kent v. Olenhouse (Mo.), 23 S. W. (2d) 83, it was held that the writ must go to all members of a township board whose acts were sought to be coerced and that a failure to make all of such members parties to the action called for dismissal of the writ. In State ex rel v. Walter, 23 S. W. (2d) 167, it was held, l. c. 170, that the writ should run to the person whose duty it is to perform the act required.

In Bell v. County Court of Pike County, 61 Mo. App. 173, 176, an action in *mandamus,* it was held that the members of a county court must be named, in their official capacities, and that it was insufficient to make "the county court" respondent. In State ex rel. v. Wurdeman, 183 Mo. App. 28, l. c. 43, it was held that the proper practice is to direct the writ against the officials, by name, whose acts are sought to be coerced.

In High's Extraordinary Legal Remedies, pages 350, 351, it is said that while the early English rule permitted that the writ should be directed to a municipality itself, in the United States it must be directed to that particular branch of municipal government whose duty it is to perform the act; and if the duty sought to be ordered done rests on a municipal body, such as the mayor and common council, the writ should be directed to each and all of them in their corporate capacity.

In McQuillin on Municipal Corporations, Revised Vol. 6, par. 2735, page 912, the following appears:

"HOW WRIT DIRECTED AGAINST MUNICIPAL CORPORATION. The ancient rule in *mandamus* proceedings was to direct the writ to the municipal government by its corporate name, while the modern practice is to direct it to the several members of the municipal government charged with the duty to be performed.

"The advantage in pursuing the latter course is shown in this; that while the duty can be as clearly commanded in the one form as in the other, yet when it becomes necessary to compel obedience by attachment, such writ cannot be enforced against the corporation in its corporate name. The names of the persons composing the governing body of the municipality must be brought before the court that they, in their official capacity may, by the mandate of the court be compelled to perform the required function.[47]"

Among other authorities found cited in footnotes under designation "47" is that of Bell v. County Court, *supra.*

Plaintiff cites as authority in support of its position the case of State ex rel. Meek v. City of Chillicothe, 237 Mo. 486, 141 S. W. 602. There relator sought the cancellation of paving tax bills theretofore issued and the issuance of new and corrected bills in lieu thereof. The writ was granted by the trial court and that judgment was affirmed by the Supreme Court. An examination of the language of the opinion discloses the following, l. c. 494:

"Respondent concedes that if a correct construction of the law requires the apportionment of the cost as contended for by relator, and as decided by the Court of Appeals, then relator is entitled to relief and the peremptory writ of *mandamus* should go."

Therefore, the propriety of naming the city itself respondent, instead of its officers, was not involved in the case.

However, this case is also reported in 141 S. W. 602, under the title "State ex rel. Meek v. City of Chillicothe et al." Because of this discrepancy we voluntarily investigated the original file and opinion in this cause in the files of the Supreme Court, docket 15807, and find that relator, in his petition therein, sought relief by writ of mandamus against John H. Taylor, Mayor of Chillicothe, Wm. Scruby, councilman at large, and Wm. Eylenburg, Moses Litton, Hiram Hoffman and Albert Holt, members of the council of the city of Chillicothe. The action was, therefore, directed against the mayor and council in their official capacity, as respondents; and relief was granted as prayed. The writ was neither sought nor granted against the corporation. The title under which the case was tried did not in fact embrace all of the parties in the action.

Relator contends that where the act sought to be coerced by the writ is one which the municipality itself is required to do, the writ may run to the municipality instead of to its officers. Without deciding whether or not that question is answered by the authorities above cited, and discussed, it is sufficient to say that nowhere do we find, in the charter of the City of St. Joseph, that the city shall issue special tax bills against itself for costs of paving alongside of abutting property owned or held by it for public purposes. Relator contends that section 6421, Revised Statutes Missouri, 1939, so provides. That section contains the following provision: ". . . the city shall, out of the general revenue of the city, pay its proper proportionate share of the cost of the work mentioned herein, a tax bill against the city to be issued on which the city may be sued in default of payment . . ."

We have previously held that the city cannot be sued for a money judgment for the cost of this paving absent a special tax bill to form the basis of such suit. [Associated Holding Company v. Kelley et al., 230 Mo. App. 267, 90 S. W. (2d) 419.]

Section 6543, Revised Statutes Missouri, 1939, creates a board of public works in all cities of the first class, such as respondent, and vests in said board far reaching powers touching the management and control of the streets in said cities. Section 6551 gives said board of public works control over the matter of paving streets. Section 6553 gives such board the power to make and award contracts for paving. Section 6555 states that the board "shall provide for the issuance of *all* special tax bills against the property properly chargeable therewith, which said tax bills shall be authenticated and certified to by the city engineer." (Italics ours.) This provision refers to the property

abutting on streets for which provision for paving is made in preceding paragraphs, including property owned or controlled by the city. In the absence of any specific statutory provision conflicting therewith it is difficult to say, with any reason or logic, that the city itself is commanded to issue special tax bills against itself.

The rule declared by the Supreme Court in State ex rel. Goldman v. Missouri Workmen's Compensation Commission, 325 Mo. 153, where it was held that the commission might be made respondent in a *mandamus* action, has no application here. The court there held that the statute provided that "The Commission as such—and not its individual members—is authorized to authenticate and certify copies of its records and documents on file in its office." In the case at bar there is no statute providing that the "City of St. Joseph" shall issue a special tax bill against itself.

There are decisions by the courts of other States which seem to hold that a city, in its corporate name only, may be made respondent in a *mandamus* action: State ex rel. Hundley v. City of Alexandria, 164 La. 624, 114 So. 491; City of Nacogdoches v. McBride (Tex.), 27 S. W. (2d) 866; Middle States Utilities Company v. City of Osceola, 231 Iowa, 462, 1 N. W. (2d) 643; Adams v. Town of Weston (Ga.), 183 S. E. 69. In some such cases it is held that the act commanded to be done was one which the corporation itself was required to do; but in no event can they be followed in the case at bar because to do so would result in this opinion being in conflict with similar adjudicated Missouri cases herein cited and discussed.

It follows that the judgment should be reversed. *Boyer, C.*, not sitting.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is reversed. All concur.

### On Motion for Rehearing.

SPERRY, C.—Respondent, in its motion for rehearing, cites two decisions not previously called to our attention.

The first such decision is State ex rel. Poole v. City of Willow Springs, 183 S. W. 589. That decision deals with an action in *mandamus* to compel the levy, collection, application, etc., of taxes to pay a judgment theretofore obtained by relator against defendant. It is not a case dealing with issuance of a paving tax bill where a statute places such duty on a specific board or commission and not on the city as a corporation. Furthermore, relator prayed that the trial court issue its writ of *mandamus* therein directing the "board of alderman, etc." (l. c. 590) to perform certain acts therein named. Our opinion herein is not in conflict with that decision.

The other decision cited is that of Hartman v. City of Brunswick, 98 Mo. App. 674. The opinion was prepared by Ellison, J., of this court. The original files discloses that the alternative writ of *manda-*

*mus* issued therein was directed "to Ed J. Tschann, as mayor of the city of Brunswick, Chariton County, Missouri, and to Samuel E. Everly, Lloyd H. Herring, Benjamin M. Strub, Dr. Edward Bragg, William Kinkorst, and John Knappenberger as councilmen and members of the board of alderman of said city of Brunswick, and to Walter Owen as collector of said city of Brunswick and to J. M. Barker as treasurer of said city of Brunswick: Greeting:" The decision in the instant case is not in disharmony with that rendered by us in the case above mentioned. The situation there is similar to that discussed on page 3 of our main opinion herein, to-wit: State ex rel. Meek v. City of Chillicothe, 273 Mo. 486, 141 S. W. 602. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion on motion for rehearing of SPERRY, C., is adopted as the opinion of the court. The motion for rehearing is overruled. All concur.