STATE of Missouri ex rel., Jerry NELSON, Relator–Respondent,

v.

CITY OF BERKELEY, Respondent–Appellant.

No. 74923.

Missouri Court of Appeals, Eastern District, Division Three.

May 18, 1999.

Elbert A. Walton, Jr., St. Louis, for appellant.

Richard Andrew Barry, III, St. Louis, for respondent.

MOONEY, Judge.

The City of Berkeley ("Respondent") appeals the trial court's grant of summary judgment in favor of Jerry Nelson ("Relator") in an action for mandamus seeking to compel Respondent to pay disability retirement benefits to Relator. We reverse and remand with directions.

By vote of the Board of Trustees of the Police and Firemen's Retirement Fund of the City of Berkeley ("the Board"), Relator, a commissioned officer of the City of Berkeley Police Department, as well as a member of the Board, received an award for service-related disability retirement benefits. Both Relator and the Board requested that the City of Berkeley process the paperwork relating to the award and begin paying the benefits immediately. However, officials of the City of Berkeley refused to implement the Board's award.

Relator filed a Petition for Writ of Mandamus in which he sought to compel payment of the benefits, naming only the City of Berkeley as Respondent. Both Relator and Respondent filed motions for summary judgment. The trial court granted Relator's Motion for Summary Judgment directing the Respondent to pay the disability benefits.[1] Respondent timely filed this appeal.

Respondent raises several points on appeal questioning the propriety of the Board's meeting and vote and whether there was substantial evidence in support of the dollar amount of benefits ordered by the trial court. We need not reach these arguments as Respondent's final claim of error is dispositive.

 In its last point of error, Respondent argues that mandamus should not

---

1. It is unclear from the record whether the trial court issued a writ of mandamus. There is a notation in the court minutes that a preliminary writ of mandamus was "ordered as filed." However, this preliminary writ was never made peremptory or absolute. Rather, the trial court granted summary judgment in favor of Relator. A judgment in a mandamus action should include either the issuance of a writ or an order that a previously issued writ is made peremptory or absolute.

have issued because Relator failed to join an indispensable party to the action. We agree. In a mandamus proceeding, the proper practice is to direct the writ against the officials, by name, whose acts are sought to be coerced. *State ex rel. Associated Holding Co. v. City of St. Joseph*, 237 Mo.App. 399, 169 S.W.2d 419, 420 (W.D. 1943). Respondent, the City of Berkeley, can only act through its officers and agents; thus there would be no practical way of enforcing a judgment rendered solely against the City. *Id.* The person or body whose duty it is to perform the act sought to be enforced by mandamus is therefore a necessary party respondent. *Id.*

Here, under Section 7.29 of the Charter, the person charged with the duty to perform the act sought to be compelled by mandamus, the disbursement of funds from the Police and Fire Retirement Fund, is the Director of Finance of the City of Berkeley. Thus, the Director of Finance was a necessary party to this action and mandamus should not have issued in his absence.

The case of *Missouri State Employees' Retirement System v. Jackson County*, 738 S.W.2d 118 (Mo. banc 1987), cited by Relator for the proposition that mandamus can lie against a municipality, is inapposite. In that case, the Missouri Supreme Court affirmed the issuance of a writ of mandamus against Jackson County, because the Petition for Writ of Mandamus had been brought pursuant to a statute specifically authorizing the issuance of a writ against the County. *Id.* at 122. The court explicitly stated that its holding has no effect on conventional mandamus law. *Id.* Here, because Relator did not file his Petition for Writ of Mandamus pursuant to such a statute, a specific municipal officer should have been named Respondent.

Finally, we do not agree with Relator's contention that it would have been futile to name a specific individual as Respondent because of high turnover in the position of Finance Director of the City of Berkeley. Relator should have named as Respondent that individual holding the office of Finance Director at the time the Petition was filed. If there was a subsequent change in the person holding that position, Rule 52.13(d) provides a mechanism for the automatic substitution of parties.

Thus, we reverse the judgment of the trial court and remand with directions to dismiss the Petition for Writ of Mandamus for failure to join a necessary party.

SIMON, P.J., and CRANE, J., concur